Warren Wood appeals from a summary judgment in favor of Tricon Metals Services, Inc. ("Tricon"), and Walter H. Ferguson.
Wood, Ferguson, and James Bell formed Tricon in 1968, since which time it has sold high strength steel products, primarily for mining and industrial applications. Wood, Ferguson, and Bell jointly ran Tricon, each serving as an officer, director, and salesman for Tricon. Each owned 300 of the 900 shares of stock issued.
In 1975 Wood formed Transam Metals, Inc. ("Transam"), a Florida corporation; it also sold metal products. Wood assured Bell and Ferguson that Transam would not sell high strength steel products in competition with Tricon.
In 1979 Bell visited Transam's facilities in Jacksonville, Florida. Following this visit, Bell and Ferguson accused Wood of improperly competing with Tricon, and they voted to remove Wood from his position as an officer and director of Tricon and terminated his employment as a salesman. However, Wood retained his one-third ownership in Tricon.
Bell and Ferguson, acting in their capacity as directors of Tricon, adopted a resolution authorizing the sale of five shares of Tricon stock each to Anthony Langley and Donald Sinclair, two employees of Tricon, for 60% of the book value of the stock, allegedly to assure the employees' continued loyalty to Tricon. As part of the consideration for this stock transaction, Langley and Sinclair executed a stock option in favor of Tricon and Bell and Ferguson, that provided, in pertinent part:
 "Upon the death of either Ferguson or Bell at any time prior to the exercise of the option granted [to Tricon] in Article II of this Agreement, the survivor of Ferguson or Bell . . . shall have the right and option to purchase all of the [ten] Shares by giving written notice to Langley [and Sinclair] of the exercise of such option. Said written notice from the Survivor shall be given within thirty (30) days after the death of either Ferguson or Bell." *Page 140 
On June 14, 1979, Tricon filed a complaint against Wood and Transam, seeking a declaratory judgment and an injunction restraining Wood and Transam from engaging in further competition with Tricon.
Upon discovering, through his attorneys acting as his proxies, that Bell and Ferguson had authorized the sale of the 10 shares of stock to Langley and Sinclair, Wood filed a third-party complaint on May 15, 1980, against Bell and Ferguson, alleging:
 "Bell and Ferguson have conspired and acted together to wrongfully dilute the value of Wood's ownership interest in Tricon by causing Tricon to issue shares of its stock to persons who are lackeys for them for less than the true value of such shares."
Thereafter, after extended discovery, both Tricon's complaint and Wood's third-party complaint were dismissed with prejudice. Wood made no claim specifically regarding the stock options executed by Langley and Sinclair in favor of Bell or Ferguson.
Sinclair died on December 19, 1987, and Bell died on January 12, 1988. After Bell's death, Ferguson called upon Langley and the estate of Sinclair to sell to him the ten shares of Tricon stock pursuant to the option agreements. Bell's 300 shares of Tricon stock were repurchased by Tricon pursuant to a repurchase provision contained in a stock retirement agreement executed by Wood, Bell, and Ferguson shortly after the formation of Tricon. These transactions left a total of 610 shares of Tricon stock outstanding; 310 shares were held by Ferguson, and 300 shares were held by Wood.
On February 11, 1988, Wood filed a complaint against Tricon and Ferguson, seeking a declaration that the provisions of the stock option agreements that granted Bell and Ferguson the right to acquire the ten shares of Tricon stock from Sinclair's estate and Langley, were null and void; he asked the trial court to require Ferguson to assign and transfer to Tricon the ten shares acquired by Ferguson.
Tricon and Ferguson filed a motion for summary judgment, contending that Wood was precluded from asserting this claim, relying on res judicata and laches. They argued that res judicata barred the claim because it could have been asserted in the 1979 litigation, and that, as a result of the delay, Tricon and Ferguson had been prejudiced by the death of Bell and Sinclair, who would have been material witnesses in this case. The trial court entered summary judgment against Wood, and he appeals. We affirm.
The essential elements of res judicata are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantially the same parties, and (4) with the same cause of action presented in both suits. Hughesv. Allenstein, 514 So.2d 858 (Ala. 1987). If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357
(Ala. 1977).
The first three elements of res judicata are clearly present in this case. The remaining issue under the doctrine is whether the same cause of action is presented in both the 1979 suit and in this action.
After a careful review of both the 1980 third-party complaint in the 1979 action and the complaint filed in this case, we agree with the trial court that this present litigation presents an issue arising out of the same claim as that raised in the third-party complaint in the earlier action.
In the 1979 suit, Wood alleged in his third-party complaint:
 "Bell and Ferguson have conspired and acted together to wrongfully dilute the value of Wood's ownership interest in Tricon by causing Tricon to issue shares of its stock to persons who are lackeys for them for less than the true value of such shares; . . . .
 "The activities of Bell, Ferguson and Tricon enumerated above have been and are . . . fraudulent, and in violation of the said fiduciary duties which Bell and Ferguson, *Page 141 
as majority shareholders, majority of directors, and officers of Tricon, and as trustees of said naked power, now owe, and at all times material have owed, to Wood. . . .
 "WHEREFORE, defendant and third-party claimant, Wood, requests that this court . . . enjoin the [third-party] defendants Bell and Ferguson from using Tricon, and Tricon from permitting itself to be used, as a vehicle by which Bell and Ferguson can obtain any benefit for themselves that is not accorded to Wood as a co-equal owner of Tricon."
In this case Wood alleges in his complaint:
 "[The stock options] were obtained by fraud and in breach of the fiduciary duties owed by Bell and Ferguson, in their capacities as directors and majority shareholders to the corporation, and to Wood as a minority shareholder. . . .
 "To the extent that the said Option Agreements purport to grant any rights to Bell or Ferguson individually, they:
". . . .
 "(c) represent an attempt to misuse corporate assets for the personal gain of Bell and Ferguson; and/or
 "(d) constitute a breach of the fiduciary duties owed by Bell and Ferguson as Directors to the corporation; and/or
 "(e) constitute a breach of the fiduciary duties owed by Bell and Ferguson as majority shareholders to Wood as a minority shareholder. . . ."
This suit presents an issue arising out of the same facts that were made the basis of the 1979 litigation, and that issue could have been litigated in that earlier action.
Wood contends that he was unaware, at the time of the earlier litigation, of the stock repurchase options executed by Langley and Sinclair in favor of Bell and Ferguson. The attorneys who acted as Wood's proxies testified only that they did not recall seeing the stock options in Tricon's minute book, but there is undisputed evidence that the stock options were referred to in the minute book, which was made available to the proxies, who reviewed it on Wood's behalf.
Under the doctrine of res judicata, a prior judgment bars subsequent litigation of all issues falling within the scope of the original action, including those issues that could have been litigated by exercising due diligence. Sullivan v. WaltherBuilders, Inc., 495 So.2d 655 (Ala. 1986). The issue of the propriety of the stock options executed in favor of Bell and Ferguson is so related to the prior action regarding the sale of the ten shares to Langley and Sinclair that it should have been litigated in that action. The doctrine of res judicata is based upon the principle that matters once adjudicated are forever settled and determined. McGruder v. B. L.Construction Co., 331 So.2d 257 (Ala. 1976).
Wood finally argues that a suit in 1979 contesting the stock options executed by Langley and Sinclair would have been premature because at that time the options had not been exercised, and at that time his damages were too speculative for a court to grant him relief. We disagree. If the stock repurchase options were executed in violation of Tricon's articles of incorporation, as Wood contends, we see no reason why relief would not have been granted in the 1979 litigation.
Our holding that this case is barred by res judicata
precludes any need to address the trial court's alternative basis for entering summary judgment (i.e., the doctrine of laches).
The uncontroverted facts offered below in support of, and those in opposition to, the motion for summary judgment present a question of law appropriate for resolution by summary judgment.
The trial court correctly decided this question of law. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur. *Page 142