The plaintiff, Robert L. Higgins, appeals from a judgment of the Marshall County Circuit Court dismissing his complaint on grounds of res judicata and failure to state a claim on which relief may be granted. The plaintiff has filed a "petition" and a brief in support of his appeal.
The facts of the case are easily stated. There was once a case styled Boman v. Willow Creek Associates, No. CV-81-C-1939-M, filed December 8, 1981, in the United States District Court for the Northern District of Alabama. That case was a class action in which Higgins was apparently a class member. The district court entered a consent judgment disposing of that case. Higgins was incensed by that ruling, because certain plaintiffs were awarded damages and he was not.
Thereafter, in October 1986, Higgins filed an action in the same federal court entitled Robert Higgins v. Jeremiah Denton,U.S. Senator, No. CV-86-PT-1978-M. That action was subsequently dismissed with prejudice. Thereafter, Higgins appealed the dismissal of the case to the United States Court of Appeals for the Eleventh Circuit. That court affirmed the dismissal. That ruling ended the federal courts' involvement in this controversy.
Following the end of his federal court litigation, Higgins filed a complaint in Marshall County Circuit Court on July 1, 1989, naming numerous defendants and making numerous vague and incomprehensible allegations. He amended his complaint on December 7, 1988. The complaint remained unintelligible, though it seems that Higgins's chief complaint is that the previous litigation in Boman v. Willow Creek Associates was conducted in such a manner as to cause him harm. It is impossible to ascertain from reading the pleadings just what Higgins sees as a compensable injury.
The following are claims made by Higgins in his "Appellant's Brief":
 "3. Rule 8(c) Affirmative defense, falsely res judicata.
Appellant submits:
 11th US Court of Appeals, Reads in part: Appellees motions to dismiss are granted.
 "4. Appellees claim of res judicata further violated appellants under the following: *Page 1052 
Appellant submits:
 Appellant declared class member in federal suit CV 81 C 1939M, due to defendants violati [sic]
 Appellants rights under US Housing Act of 1937, Section 8, existing housing, giving appellant standing as class member.
 "Appellants rights further violated by defendants violating consent decree between plaintiffs and class members vs Willow Creek, in case CV 81 C 1939M, causing appellant to become a dual plaintiff
 Consent decree reads in part: Page 1. Consent decree named plaintiffs and class members and Willow Creek Associates and Helen Price:
 Plaintiffs brought this action pursuant to 42 U.S.C. § 1437f, 42 U.S.C. § 1983 and the Fourteenth Amendment to the US Constitution, to redress claims that Willow Creek Associates refused to renew plaintiffs lease in violation of the Section 8 existing housing program, 42 U.S.C. § 1437f, and the applicable regulations and in violation of the lease between Willow Creek and its tenants.
Page 2, in part:
 Whereas the parties are desirous of resolving this matter without the time and expense of further contested litigation, the parties having consented to the entry of the decree and that the decree fully protects the rights and all interests of all subclass members of Willow Creek Apartments.
Appellant submits:
 Decree has not prevented further litigation, suit CV 81 C 1939 M, filed December 8, 1981, Willow Creek filed unlawful Detainer charging appellant with non-payment of rent, October 1984, Appellant appealed to Marshall County Circuit Court November 1985. Appellant filed federal suit CV 86 PT 1978M, October, 1986, appealed to 11th US Circuit Court of Appeals January 1987. Appellant filed Marshall County Circuit case CV 88-106A, July, 1988 and amended December 7, 1988, appealed to Alabama Supreme Court April 1989.
 Plaintiffs and class members did not agree to the entry of the consent decree, Appellant objected.
 Decree did not protect the rights and interests of class members of Willow Creek Apartment as shown above Appellant falsely with nonpayment of rent, violating Code of Alabama 1975
 Section 6-6-310 and with the cooperation of Marshall County Judge William Jetton, Appellant unlawfully evicted January 1985. Unlawful detainer charged nonpayment of rent but judgment charged refusing to renew lease, Appellants lease contained automatice [sic] renewal clause."
Higgins's complaint filed in Marshall County Circuit Court makes the same general allegations as those set out above, and it is equally unclear. One thing is clear, however. The complaint filed in Marshall County was a naked attempt to relitigate a previously decided issue. This is surely a proper instance for the imposition of the doctrine of res judicata.
More specifically, it is that brand of res judicata known as "claim preclusion" that applies.
The doctrine of res judicata bars subsequent claims that involve the "identical parties, facts and subject matter litigated, or those which could have been litigated, in an earlier lawsuit." Chavers v. National Sec. Fire Cas. Co.,456 So.2d 293, 294 (Ala. 1984). This appears to be the situation in this case. Higgins seeks to sue the same group of defendants over the same claim that he presented to the federal courts in October 1986. That claim was dismissed by the federal court with prejudice. Thus, it is a dead issue between the parties, and Higgins may not relitigate it in an Alabama state court.
Alabama law requires four elements for the application ofres judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Missildine *Page 1053 v. Avondale Mills, Inc., 415 So.2d 1040, 1042 (Ala. 1981). In a federal court, dismissal for failure to state a claim on which relief may be granted is an adjudication on the merits of the case. Betances v. Quiros, 603 F. Supp. 201, 206 (D.P.R. 1985).
Because all of the res judicata elements set out immediately above are present in this case, the present claim is barred by that doctrine. Therefore, the judgment is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.