L. CHARLES WRIGHT, Retired Appellate Judge.
In September 1985 Harry Smith filed a workmen’s compensation action against his former employer, Wiley Sanders Trucking Company. Following a hearing, in which Smith was represented by counsel, the trial court found in favor of the trucking company. Smith filed an appeal of the decision with this court. The appeal was dismissed for failure to file a brief.
In February 1989 Smith, with the benefit of counsel, filed an action against Reliance Insurance Company, the workmen’s compensation insurance carrier for the trucking company, requesting compensation on the same workmen’s compensation claim as in the first action. The trial court entered summary judgment in favor of the insurance company.
In July 1990 Smith, pro se, filed another action based on the same alleged accident against the trucking company and the insurance company. The defendants filed a motion for summary judgment. The trial court found the doctrine of res judicata to be applicable to the undisputed facts of the case. It granted summary judgment in favor of the defendants. Smith appeals.
There are four essential elements of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Higgins v. Henderson, 551 So.2d 1050 (Ala.1989).
After a careful review of the scant record before us, we agree with the trial court that all of the elements of res judica-ta are present in this action. The present claim is, therefore, barred by that doctrine.
Smith suggests, however, that the doctrine is not applicable because in the initial adjudication he was not present in the courtroom. Smith’s assertion is without merit. The proper method to attack the validity of the initial adjudication was by appeal. Smith appealed that decision to this court but failed to file a brief. We dismissed the appeal. Smith cannot now raise that issue.
The present action is barred by the doctrine of res judicata. The trial court’s grant of summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.