ALMON, Justice.
This appeal is from a summary judgment for the defendants in an action filed under the Federal Employers’ Liability Act (“the FELA”). The summary judgment was entered on the basis of res judicata, but the plaintiff argues that the defendants had not filed an answer and so had not raised the affirmative defense of res judicata.
Sylvester Bishop filed this action against SouthRail Corporation, MidSouth Corporation, and Erwin Townsend, alleging that, while Bishop and Townsend were employees of SouthRail, Townsend had hit Bishop in the eye with a metal rod and injured his eye.[1] The complaint included several other counts in addition to the FELA count. SouthRail and MidSouth filed a notice of removal to the United States District Court for the Northern District of Alabama. In the federal court, these defendants filed copies of a complaint that Bishop had filed against them in that same federal court 20 months earlier; that earlier complaint had sought damages under the FELA for the same assault. The defendants also filed copies of a judgment dismissing, for lack of prosecution, that prior federal action, and an order by the Eleventh Circuit Court of Appeals dismissing, as untimely, an appeal from the district court’s dismissal of that action.
Bishop filed in the federal court a motion to strike all counts of his present complaint except the FELA count and to remand the cause to the Circuit Court of Tuscaloosa County. The next day, SouthRail and Mid-South filed in the federal court an answer to the complaint. Shortly thereafter, the federal court granted the motion to strike all counts except the FELA count and remanded the action. After the case was remanded, Bishop filed a motion for default judgment, alleging that SouthRail and Mid-South had not filed an answer.[2] They filed a motion in opposition to the motion for default judgment, attaching a copy of the answer they had filed in the federal court. *858 That answer included a defense of res judi-cata.[3]
The trial court denied Bishop’s motion for a default judgment, and SouthRail and MidSouth filed a motion for summary judgment, including the ground that this action was barred by res judicata. The trial court entered a summary judgment on that basis.
The judgment is due to be affirmed on the authority of Combs v. Alabama Gas Corp., 577 So.2d 1269 (Ala. 1991), and Higgins v. Henderson, 551 So.2d 1050 (Ala. 1989). The one difference between this case and Higgins is that the dismissal in Higgins was for a failure to state a claim. That difference does not affect the outcome.
“The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.”
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978); Ferguson v. Commercial Bank, 578 So.2d 1234 (Ala.1991). A dismissal for failure to prosecute is a judgment on the merits unless the order of dismissal states otherwise. Rule 41(b), Ala.R.Civ.P.; Rule 41(b), Fed. R.Civ.P.; Penn v. Irby, 496 So.2d 751 (Ala. 1986); Selby v. Money, 403 So.2d 218 (Ala. 1981); State v. Horton, 373 So.2d 1096 (Ala.1979).
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.

. SouthRail is a subsidiary of Midsouth. Townsend was convicted of assault as a result of this incident.

. In response to a motion by defendant Townsend, the circuit court held that the striking of all counts except the FELA count worked as a dismissal of the complaint against Townsend, and entered an order dismissing Townsend as a defendant.

. The facts stated are sufficient to show that Bishop’s argument that SouthRail and MidSouth did not effectively raise the defense of res judi-cata has no merit. See, e.g., Teamsters Local 515 v. Roadbuilders, Inc., 249 Ga. 418, 291 S.E.2d 698 (1982); Marlow v. Mid South Tool Co., 535 So.2d 120 (Ala. 1988).