Does the doctrine of res judicata bar an action to establish an easement by necessity if the same parties have previously litigated a boundary line dispute? That is the single issue presented by this appeal.
In July 1989, J. Thomas Vaughan filed an action to fix the boundary lines between his property and that of coterminous owners Cecil H. and Mary J. Barr. Both Vaughn and the Barrs claimed a 98.61-foot *Page 995 
strip of land as part of their parcel. The court concluded that the land in dispute in that action belonged to the Barrs. On August 6, 1990, the court denied Vaughn's motion for a new trial, and Vaughan did not appeal.[1]
In June 1990, Vaughan filed the present action, requesting a common law easement by necessity to obtain a means of ingress to and egress from his landlocked property. He sought an easement to provide access to County Highway 91 across the Barrs' property. On its north side the Barrs' property abuts County Highway 91 and on its south side it abuts Vaughan's property.
On the day the case was set for trial, the Barrs orally amended their answer to include the defense of res judicata.
Without taking any evidence, the court entered a judgment in favor of the Barrs based on that doctrine, stating that Vaughan should have claimed an easement in the previous lawsuit establishing the boundary between his property and that of the Barrs. Vaughan appeals from this judgment. We reverse and remand.
This Court held in Turner v. Green, 571 So.2d 1104, 1106
(Ala. 1990):
 "Alabama law requires four elements for the application of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1042 (Ala. 1981)."
Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala. 1989).
 "If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357
(Ala. 1977)."
Wood v. Tricon Metals Services, Inc., 548 So.2d 138, 140
(Ala. 1989).
An action to settle a boundary line dispute between coterminous owners is not the same cause of action as one to establish a common law easement of necessity between landowners who derived their title from a common source. The issue involved here might have been litigated in the boundary line case, but that fact alone does not bar its litigation in a subsequent lawsuit. The doctrine of res judicata does not require that it be barred. Vaughan does not question that the first, third, and fourth requirements for the application of the doctrine of res judicata under Alabama law are met in the present action. However, he contends that his suit is not barred by that doctrine because, he argues, the easement by necessity involves a cause of action separate from the cause of action involved in the boundary dispute case. He argues that the two suits involve essentially different property and certainly require different proof. In order to obtain a common law easement by necessity, Vaughan must first prove that he has no other reasonable means of getting across his land. Hamby v.Stepleton, 221 Ala. 536, 130 So. 76 (1930). Second, Vaughan must prove that he, as the owner of the dominant estate, and the Barrs, as owners of the servient estate, have derived their title from a common source. Greenwood v. West, 171 Ala. 463,54 So. 694 (1911). Third, the easement sought must be reasonably necessary for the enjoyment of the dominant estate. Crawford v.Tucker, 258 Ala. 658, 64 So.2d 411 (1952).
The Barrs admit that Vaughan is landlocked and has no reasonable means of access to his property. They acknowledge unity of title, that is, that both they and Vaughan obtained their property from the same grantor, and they concede that an easement is necessary for the reasonable enjoyment of the Vaughan property. They rest their entire case on the argument that Vaughan is now barred from establishing an easement by necessity because he did not litigate that claim in the prior action between these parties.
The trial court based its judgment for the Barrs onSullivan v. Walther Builders, *Page 996 Inc., 495 So.2d 655 (Ala. 1986). In the Sullivan case, this Court stated that the determination of whether two suits are based on the same cause of action "depends upon whether substantially the same evidence supports both actions," citingGeer Brothers, Inc. v. Crump, 349 So.2d 577, 580 (Ala. 1977). Establishing an easement by necessity requires proof entirely different from that required to establish a disputed boundary line between coterminous owners.
We stated in Dairyland Ins. Co. v. Jackson, 566 So.2d 723,726 (Ala. 1990):
 "The determination of whether the cause of action is the same in two separate suits depends on whether the issues in the two actions are the same and whether the same evidence would support a recovery for the plaintiff in both suits. Dominex, Inc. v. Key, 456 So.2d 1047, 1054 (Ala. 1984). Stated differently, this element is met when the issues involved in the earlier suit comprehended all that is involved in the issues of the later suit. Adams v. Powell, 225 Ala. 300, 142 So. 537 (1932)."
An action to establish an easement and an action to determine a disputed boundary are based on different theories, involve different areas of law, require different evidence, and carry different elements that must be proven. A common law easement by necessity for private use involves more elements than just unity of title, and these elements were not material in the boundary line litigation. The boundary dispute and the claim of an easement by necessity are separate causes of action; therefore the doctrine of res judicata is not a bar to Vaughan's present easement action. The judgment appealed from is reversed and the cause remanded for a trial on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Vaughan v. Barr, CV-89-528, Baldwin Circuit Court.