**HUNTSVILLE GOLF DEVELOPMENT, INC., Plaintiff,**

v.

**BRINDLEY CONSTRUCTION COMPANY, INC. and Aetna Casualty and Surety Company, Defendants.**

No. CV–92–N–2008–NE.

United States District Court,
N.D. Alabama,
Northeastern Division.

Dec. 24, 1992.

Order Jan. 13, 1993.

Jesse P. Evans, III, Edward P. Meyerson, Najjar Denaburg, P.C., Birmingham, AL, for Huntsville Golf Development, Inc.

Oscar M. Price, III, Robert Smith Vance, Jr., Johnston Barton Proctor Swedlaw & Naff, Birmingham, AL, for Brindley Const. Co., Inc.

John F. DeBuys, Jr., Mark McCarroll Lawson, Burr & Forman, Birmingham, AL, for Aetna Cas. and Sur. Co., a Connecticut corp.

## MEMORANDUM OF OPINION

EDWIN L. NELSON, District Judge.

In December of 1989, Huntsville Golf Development (HGD) and Brindley Construction Company (Brindley) entered into a contract under which Brindley was to construct a condominium project for HGD[1]. The contract contained a provision requiring arbitration in the event of disputes arising out of the contract (Plaintiff's Exhibit 3A, last page). On February 12, 1990, the parties executed another agreement, also requiring arbitration. On the same date, Aetna Casualty and Surety Company (Aetna) executed a performance bond as surety on the construction contract (Plaintiff's Exhibit 3A). Disputes arose regarding performance of the contract, and HGD demanded arbitration against both Brindley and Aetna. Aetna asserted that it was not a proper party for the arbitration and moved to be dismissed. (Aetna Exhibit F). The arbitrators denied the motion, and

---

1. Unless otherwise indicated, the facts recited are derived from the undisputed facts filed pursuant to this court's scheduling order.

Aetna applied to the Circuit Court of Madison County for a restraining order to prevent HGD from proceeding against Aetna in the arbitration. Aetna's complaint in the Circuit Court also seeks a judgment declaring that Aetna is not liable to HGD in any amount under the performance bond. On May 28, 1992, the Circuit Court entered a temporary restraining order, and on June 10, 1992 the court entered a preliminary injunction prohibiting HGD from proceeding against Aetna in the arbitration with regard to claims for damages involving windows or for delay or consequential damages. The order stated that Aetna agreed to be bound by the arbitrators' decisions regarding "punch list" items. (Aetna's Exhibit N). The arbitrators were provided a copy of the court order and were aware that Aetna had agreed to arbitration regarding "punch list" items and that the order did not prohibit an award against Aetna as to those items. (Aetna Exhibit A, filed November 9, 1992, Arbitration Transcript, pp. 2–8). On August 10, 1992, an arbitration award was rendered in favor of HGD and against Brindley in the amount of $376,316.75.

■ HGD filed a complaint on August 24, 1992 seeking to have this court confirm the arbitration award as a judgment of this court, pursuant to 9 U.S.C. § 9. Jurisdiction is based on diversity of citizenship. The following motions are presently before the court: (1) a motion for summary judgment filed by plaintiff on September 29, 1992; (2) a motion to dismiss filed by defendant Aetna on October 8, 1992, which was converted by the court into a motion for summary judgment, since it was filed with an evidentiary exhibit; (3) a motion to stay or in the alternative to dismiss filed by defendant Brindley on October 30, 1992 and (4) a motion for summary judgment filed by defendant Aetna on November 9, 1992. Additionally, in its response to plaintiff's motion for summary judgment, defendant Brindley urges this court to vacate the award of the arbitrators pursuant to 9 U.S.C. § 10. The court will treat Brindley's response as a motion to vacate the award[2]. 9 U.S.C. § 6; *O.R. Securities v. Professional Planning Assoc.*, 857 F.2d 742 (11th Cir.1988). Plaintiff's complaint, as it seeks to have the arbitration award confirmed, will also be treated as a motion. *Id.* After reviewing the pleadings and evidentiary submissions of all parties, this court has concluded that the motions to vacate and confirm the award may properly be resolved on the merits without an evidentiary hearing. The parties have fully briefed the issues, and have had an opportunity to file evidence and present oral argument to the court.[3]

**A. Dismissal or Stay under *Colorado River*.**

■ Brindley and Aetna both urge this court to decline to exercise its jurisdiction because of the pending action in the Circuit Court of Madison County, citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Colorado River*, the Court held that a federal court action may in exceptional circumstances be dismissed in

---

**2.** 9 U.S.C. § 6 provides:

> Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.

**3.** See *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 932 (11th Cir.1990), where the court explained:

> A party initiates judicial review of an arbitration award not by filing a complaint in the district court, but rather by filing either a petition to confirm the award or a motion to vacate or modify the award. *See* 9 U.S.C. § 9 (explaining procedure for making petition to

confirm the award); § 12 (explaining procedure for making motion to vacate, modify, or correct an award); § 6 (providing that any application to the court under the Act should be made in the form of a motion). These rules further the Act's policy of expedited judicial action because they prevent a party who has lost in the arbitration process from filing a new suit in federal court and forcing relitigation of the issues. *See O.R. Securities*, 857 F.2d at 746. Moreover, the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony. *Id.* at 746 n. 3; *Legion Ins. Co. v. Ins. General Agency*, 822 F.2d 541, 543 (5th Cir.1987).

deference to a state court action. 424 U.S. at 817, 96 S.Ct. at 1246. The Court enumerated a number of factors that district courts are to consider in determining whether such exceptional circumstances exist: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Id.* In *Moses H. Cone, supra,* the Court reaffirmed the *Colorado River* decision and added two factors: (1) whether federal or state law will be applied; and (2) the adequacy of the forums to protect the parties' rights. The Eleventh Circuit addressed the propriety of dismissal under the *Colorado River* doctrine in *Noonan South, Inc. v. Volusia County,* 841 F.2d 380, 382 (11th Cir.1988), stating: "The most important requirement underlying a district court's analysis of whether there exist exceptional circumstances sufficient to warrant dismissal is that the circumstances· be *exceptional.*" (Emphasis in original). The factors enumerated by the Supreme Court are to be considered and balanced in determining whether circumstances are so exceptional that dismissal is warranted. *Id.* The first factor is not applicable in this case, since neither court has assumed jurisdiction over property. The second factor, inconvenience of the federal forum, does not favor dismissal. The Circuit Court of Madison County is in Huntsville, Alabama. Should any issues in this case require trial, this court would convene in Huntsville. Scheduling and pretrial conferences would also be held in Huntsville. Although some matters will be dealt with by this court in Birmingham, the record reflects that all counsel of record are located in Birmingham. Both defendants are from out of state, and although plaintiff is an Alabama Corporation, its letterhead reflects a Louisiana address. (Brindley's Exhibits 3 and 4). This court is no less convenient than the Madison County court. The third factor, avoidance of piecemeal litigation, weighs in favor of this court exercising its jurisdiction.

Brindley is not a party to the state court action, nor is there a pleading in that action seeking to either confirm or vacate the arbitration award. Aetna's complaint in the state court action seeks to enjoin HGD from proceeding against Aetna in the arbitration, and a declaratory judgment that Aetna is not liable to defendant under the performance bond. (Plaintiff's Exhibit 4). All of the parties have been joined in the present action. This action is such that this court may resolve a large portion of the controversy between these parties.[4] The state court action, on the other hand, will resolve only the issue of Aetna's liability to HGD under the performance bond. The fourth factor which the court must consider is the order in which the forums obtained jurisdiction. This factor is not to be "measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940. The state court action was filed on May 28, 1992. This action was commenced on August 24, 1992. A pretrial conference was scheduled to take place in the state court action on December 17, 1992. With regard to defendant Aetna, this factor weighs in favor of dismissal. The fifth factor to be evaluated by the court is whether federal or state law will apply. Federal law governs the issue of whether the arbitration award should be confirmed. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Id.* at 26, 103 S.Ct. at 942. Although state law will govern the issue of Aetna's liability under the performance bond, federal courts are accustomed to interpreting state law in diversity actions. The final factor to consider is the adequacy of each forum to protect the parties' rights. Aetna and Brindley both argue that this factor weighs in favor of dismissal because the Circuit Court for Madison County is adequate to protect HGD's rights. "The fact that both forums are adequate to protect the parties'

---

4. The issue of Aetna's liability under the performance bond for delay or consequential damages or for damages involving windows is not before this court. HGD was enjoined from proceeding against Aetna as to those items of damage in the arbitration. In its amended complaint, HGD claims only that Aetna is liable under the performance bond for damages awarded in the arbitration. HGD's prayer for relief asks only that this court confirm the award of the arbitrators against Aetna, or alternatively enter judgment against Aetna in the amount of the award.

rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor or against dismissal when one of the forums is *inadequate* to protect a party's rights." *Noonan South, Inc. v. Volusia County*, 841 F.2d 380, 383 (11th Cir.1988) (emphasis in original). "... [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. After carefully evaluating the above factors, this court has concluded that neither a stay nor dismissal is appropriate under the *Colorado River* doctrine.

### B. Brindley's Motion to Vacate the Award.

■ Brindley asks this court to vacate the arbitration award pursuant to 9 U.S.C. § 10. This provision allows the court to vacate an award in limited circumstances and "... carefully limits judicial intervention to instances where the arbitration has been tainted in specified ways." *Robbins v. Day*, 954 F.2d 679 (11th Cir.1992) (citations omitted). Brindley seeks relief from the award on the basis that the arbitrators exceeded their authority under the contract. 9 U.S.C. § 10(a)(4) allows a court to vacate an award

"... [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

■ The contract between HGD and Brindley contained a provision requiring HGD to make any claims "within 21 days after the occurrence of the events giving rise to such claim or within 21 days after the claimant first recognizes the condition giving rise to the claim, whichever is later." [5] Brindley claims that "[t]he undisputed testimony at the arbitration hearing was that Huntsville Golf did not provide notice to Brindley of its claim for delay damages within the required 21 days," and that "[w]hen the arbitrators awarded delay damages, they exceeded their authority under the contract." [6] (Brindley's Brief in Opposition to Motion for Summary Judgment, p. 6). In support of this contention, Brindley cites the arbitration transcript, pp. 160–168 (Brindley Exhibit 2), a March 13, 1990 letter from HGD to Brindley (Brindley Exhibit 3), and a September 5, 1990 letter from HGD to Brindley (Brindley Exhibit 4). [7] The evidence relied upon by Brindley, however, reveals that Mr. Nelson Chatelain, the president of HGD, testified that he considered both letters to be notice to Brindley of HGD's claim for damages because of a delay. (Brindley Exhibit 2, excerpt of arbitration transcript, pp. 160–167). Under the terms of the contract, the construction was to be sub-

---

5. The contracts between HGD and Brindley incorporated by reference the provisions of the 1987 Edition of AIA (The American Institute of Architects) Document A201, General Conditions of the Contract for Construction. Section 4.3.3 of that document provides:

> **Time Limits on Claims.** Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. An additional Claim made after the initial Claim has been implemented by Change Order will not be considered unless submitted in a timely manner.

> Section 4.3.1 states:

> **Definition.** A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the

Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be made by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

6. Although the arbitrators' award was in the form of a lump sum, it is clear that the arbitrators awarded at least some amount of delay damages. According to the affidavit of Mr. Cashion, the attorney who represented Brindley in the arbitration, the claims presented by HGD regarding damages other than delay damages totalled only $171,159.00. (Aetna Exhibit A, filed November 9, 1992). The arbitrators awarded HGD $370,000.00 in damages.

7. Brindley cited Brindley Exhibits 2–5 (see Brindley's additional undisputed facts, Fact # 4), however, Brindley has only filed four exhibits.

stantially completed by July 15.[8] In determining whether the arbitrators exceeded their authority under the contract, this court is mindful of the deference with which awards are to be reviewed under the Federal Arbitration Act.[9] This court is not free to vacate an award based solely on an alleged error in contract interpretation.

> "The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract.... [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers v. Misco*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987).

See also *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 432 (2nd Cir. 1974); *Employers Ins. v. National Union Fire Ins.*, 933 F.2d 1481 (9th Cir.1991). In the present case, the arbitrators could rationally have agreed with Mr. Chatelain that the March 13, 1990 letter from HGD to Brindley constituted a sufficient "claim" under the contract. Where a rational ground for the arbitrators' decision can be inferred from the facts of the case, the award should be confirmed. *Robbins v. Day*, 954 F.2d 679 (11th Cir.1992), citing *Raiford v. Merrill Lynch, Pierce, Fenner & Smith*, 903 F.2d 1410, 1413 (11th Cir.1990). Brindley's motion to vacate the award will therefore be denied.

## C. HGD's Motion to Confirm the Award.

The applicable provision of the Federal Arbitration Act, 9 U.S.C. § 9 provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.... If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration proceeding which is the subject of this action took place in Huntsville, Alabama, which is within the Northern District of Alabama. (Brindley Exhibit 2). Paragraph 4.5.1 of the General Conditions for the Contract for Construction, AIA (The American Institute of Architects) Document A201 (1987), which was incorporated by reference into the contract between HGD and Brindley provides that judgment upon an arbitration award may be entered "in any court having jurisdiction thereof." Having determined that Brindley's motion to vacate the award should be denied, this court will grant HGD's motion to confirm the award of the arbitrators.

## D. Aetna's Motion for Summary Judgment.

Aetna's two pending motions for summary judgment are based on the same grounds and therefore will be treated as a single motion. Aetna argues that this court should dismiss the action against Aetna pursuant to

---

**8.** Article 3, paragraph 3.2 of the contract dated February 12, 1990 provides that Building 7 shall be substantially completed by four months after authorization to proceed, and Building 4 is to be substantially completed five months after such authorization. (HGD Exhibit 2). The Notice to Proceed was dated February 15, 1990. (Brindley Exhibit 3).

**9.** In discussing the grounds delineated in 9 U.S.C. § 10 for vacating an award, the Eleventh Circuit noted,

> The Act's enunciation of specific defenses to a petition to confirm an award "was not intended to overthrow the general advantage of speedy and effective decision of disputes by arbitration and the creation of these general grounds does not obliterate the hesitation with which courts should view efforts to re-examine awards. To do otherwise would defeat the primary advantages of speed and finality which led to the development of arbitration...." *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 933 (11th Cir.1990) (citations omitted).

the *Colorado River* doctrine. This issue has been resolved against Aetna, *supra.*

■ Aetna next urges dismissal based on Alabama Code § 6–5–440. That section provides:

**Simultaneous actions for the same cause against same party prohibited.**

No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

The Alabama Supreme Court has stated that the purpose of this section is "to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action." *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 454 So.2d 506 (Ala.1984). Both by the statute's unambiguous language and by the Alabama Supreme Court's interpretation, the statute is inapplicable. Aetna is the plaintiff in the state court action, and is in that court willingly.

■ Aetna further argues that the arbitration award cannot be enforced against Aetna because no damages or costs were awarded against Aetna. HGD argues that the failure of the arbitrators to issue an award against Aetna does not preclude recovery against Aetna.

It is undisputed that Aetna agreed to be bound by the arbitrators' decision regarding "punch list" items, and that the arbitrators were aware that the preliminary injunction issued by the state court did not enjoin a finding against Aetna as to "punch list" or warranty damages.[10] HGD was enjoined from proceeding against Aetna in the arbitration as to delay or consequential damages and damages involving windows. (Undisputed Fact # 12, Aetna Exhibit N). As noted above, the arbitrators awarded at least some

amount of damages beyond those for "punch list" and warranty items. (See n. 1555, *supra*). HGD's claim in the arbitration for "punch list" and warranty work totalled only $69,179.00. (See Aetna Exhibit A, Affidavit of Mr. Cashion). This evidence is not controverted by any evidence of record. The most reasonable interpretation of the arbitration award is that it was based on damages other than for windows or delay—matters as to which HGD was not permitted to proceed against Aetna under the terms of the state court injunction.

The court's task is made more difficult by the fact that the arbitrators' award was stated in terms of a lump sum. In *Raiford, supra,* the court was faced with a lump sum award by an arbitration panel which stated no legal or evidentiary justification for the award. The Eleventh Circuit, in affirming the district court's confirmation of the award, noted:

We conceivably could vacate the award and recommit the case to the arbitration panel for a statement of reasons for its award. With such a statement, the district court, and this court, could more actively review the award under the manifest-disregard and arbitrary-or-capricious standards. However, "[a]rbitration proceedings are summary in nature to effectuate the national policy favoring arbitration;" therefore, arbitrators have never been required to explain their awards. We think that recommitting cases such as this to the arbitration panel for explanations would defeat the policy in favor or expeditious arbitration. When the parties agreed to submit to arbitration, they also agreed to accept whatever reasonable uncertainties might arise from the process. 903 F.2d at 1413 (citations omitted).

Although Aetna was a party to the arbitration, and HGD sought damages for "punch list" and warranty items, the arbitrators awarded no damages against Aetna. The court concludes that the arbitrators must

---

10. See Movant Aetna's statement of undisputed facts submitted in response to court's order, filed November 18, 1992, Facts # 13–15. These facts are supported by evidence of record, and since HGD did not dispute these facts, they are deemed admitted for purposes of the summary judgment motion pursuant to this court's scheduling orders entered on October 15, 1992 and November 12, 1992.

have found no basis for an award based upon punch list, delay or consequential damages. This court therefore has no basis upon which to enter a judgment against Aetna. Aetna's motion for summary judgment will therefore be granted.

### E. Conclusion.

By separate order the court confirms the arbitrator's award in favor of HGD and against Brindley. The motion to enter judgment on the award as against AETNA will be denied. Brindley's motion to vacate the award will be denied. AETNA's motion for summary judgment will be granted.

### ORDER

This action is presently before the court on the Motion to Alter or Amend [Judgment] filed by plaintiff on January 4, 1993. The plaintiff seeks prejudgment interest from the date of the arbitration award until the date of this court's judgment confirming that award. This court has determined that the damages in this case were "unliquidated" until the arbitration award was rendered, and that the plaintiff is not entitled to pre-judgment interest. *United States Fidelity and Guaranty Company v. German Auto, Inc.,* 591 So.2d 841 (Ala.1991). Plaintiff also asks that this court "clarify whether or not HGD will be allowed to proceed in state court against Defendant Aetna respecting Aetna's liability under the surety bond issued by Aetna in favor of HGD." The preclusive effect of this court's judgment in state court is a matter for the state court to determine. Accordingly, the motion is hereby DENIED.