632 So.2d 459 (1994)
HUNTSVILLE GOLF DEVELOPMENT, INC., a corporation
v.
AETNA CASUALTY AND SURETY COMPANY, a corporation.
1921564.
Supreme Court of Alabama.
January 28, 1994.
*460 Edward P. Meyerson, Jesse P. Evans III and Laurie K. Boston of Najjar Denaburg, P.C., Birmingham, for appellant.
John F. De Buys, Jr. and Mark M. Lawson of Burr & Forman, Birmingham, for appellee.
HOUSTON, Justice.
Huntsville Golf Development, Inc. ("Huntsville Golf"), the defendant and counterclaimant, appeals from an order holding (1) that Aetna Casualty and Surety Company ("Aetna"), as surety on a contractor's performance bond issued to Brindley Construction Company, Inc. ("Brindley"), is not liable for the amount of an arbitration award entered against Brindley; and (2) that Aetna is not liable to Huntsville Golf under the terms of the performance bond for delays and other damage that Huntsville Golf attributed to Brindley.

(1) Huntsville Golf's Counterclaim
In its counterclaim, Huntsville Golf demanded a judgment against Aetna "in an amount equal to the award of the arbitrators as evidenced by the arbitration award attached hereto as Exhibit B."
On December 23, 1992, the United States District Court for the Northern District of Alabama, in the case of Huntsville Golf Development, Inc. v. Brindley Construction Co., Inc., and Aetna Casualty & Surety Co., 1992 WL 573183, Huntsville Golf asked the court to confirm the arbitration award referred to in Huntsville Golf's counterclaim in this action and to hold Aetna, as surety, liable for the arbitration award entered against Brindley. In that federal court action, Judge Edwin L. Nelson entered the following order:
"In accord with the Memorandum of Opinion entered contemporaneously herewith, it is hereby ORDERED, ADJUDGED and DECREED:
"1. That Plaintiff Huntsville Golf Development, Inc., have and recover of defendant, Brindley Construction Co., Inc., the sum of $376,316.75 and its costs of this action;
"2. That Plaintiff Huntsville Golf Development, Inc., have and recover nothing of defendant AETNA Casualty and Surety Company."
In the case now before this Court, Huntsville Golf, in its counterclaim, seeks to recover from Aetna as surety on a performance bond for Brindley the $376,316.75 that Huntsville Golf was awarded against Brindley in the federal action.
This Court has said:

*461 "Alabama law requires four elements for the application of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Missildine v. Avondale Mills, Inc., 415 So.2d 1040, 1041 (Ala.1981)."
Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala.1989). (Emphasis original.)
"If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977)."
Wood v. Tricon Metals & Services, Inc., 548 So.2d 138, 140 (Ala.1989).
Huntsville Golf and Aetna were parties to the federal court action referred to above; in that action, the court's judgment confirmed an arbitration award as the judgment of the court. The United States District Court for the Northern District of Alabama is undoubtedly "a court of competent jurisdiction," and this Court has previously recognized that federal court judgments are entitled to full faith and credit. Shows v. NCNB National Bank of North Carolina, 585 So.2d 880 (Ala. 1991); Higgins v. Henderson, supra.
The judgment of the United States District Court was on the merits on the same cause of action as that presented in this case. That fact is clearly shown by the memorandum opinion entered by Judge Nelson.
Therefore, Huntsville Golf's counterclaim is barred by the doctrine of res judicata, Wood v. Tricon Metals & Services, Inc., supra. Accordingly, Huntsville Golf cannot recover from Aetna as surety on the performance bond for Brindley the amount Huntsville Golf was awarded against Brindley, for, as Chief Justice Hornsby wrote in Higgins v. Henderson, 551 So.2d at 1052, that issue is "a dead issue between the parties," and Huntsville Golf "may not relitigate it in an Alabama state court."

(2) Aetna's Complaint
This action was initiated by Aetna's claim for a preliminary and a final injunction enjoining Huntsville Golf from proceeding against Aetna in arbitration and Aetna's claim for a declaration that Aetna was not liable to Huntsville Golf under the performance bond issued by Aetna to Brindley.
This issue was not decided in the federal action. Judge Nelson, in footnote four of his "Memorandum of Opinion," wrote: "The issue of Aetna's liability under the performance bond for delay or consequential damages or for damages involving windows is not before this court."
After Huntsville Golf filed the demand for arbitration against Brindley and Aetna, Aetna filed a complaint and an application for a temporary restraining order in the Circuit Court of Madison County. Huntsville Golf was a defendant. On June 10, 1992, the trial court enjoined Huntsville Golf from proceeding in arbitration against Aetna for the delay damages or for consequential damages or for damages related to the windows. Huntsville Golf did not appeal the preliminary injunction.
Rule 4(a)(1), A.R.App.P., provides that appeals shall be filed within 14 days of the entry of an interlocutory order granting an injunction. Instead of appealing, Huntsville Golf elected to proceed in arbitration against Brindley only for damages for delay, consequential damages, and damages involving windows; it then sought in the federal district court and in the state court to hold Aetna liable for the arbitration award returned against Brindley. Huntsville Golf also "substantially invoked the litigation process" by pursuing its claims for damages for delay and for damages related to windows on the merits in the trial of the case below. To establish a waiver or abandonment of an arbitration agreement, a party must have "substantially invoked the litigation process and the other party must have suffered prejudice as a result." Ex parte McKinney, 515 So.2d 693, 701 (Ala.1987); Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272, 1276-77 (Ala.1986), overruled on other grounds by Ex parte Jones, 628 So.2d 316 (Ala.1993).
*462 In the trial below, Aetna objected to the evidence offered by Huntsville Golf, but that evidence was admitted over Aetna's objection. Therefore, Aetna was forced to try in the action below the issues Huntsville Golf now contends should have been arbitrated. Aetna suffered prejudice, for it incurred the risk that it would have to respond in damages if the trial court found against it. The mere fact that the trial court did not find Aetna liable for those damages does not ex post facto absolve the prejudicial effect of exposure to risk. See Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 742 F.Supp. 1359, 1366 (N.D.Ill.1990); Weiland v. Pyramid Ventures Group, 511 F.Supp. 1034, 1042 (M.D.La.1981). Huntsville Golf could have pursued its appeal rights under Rule 4(a)(1), A.R.App.P. It elected not to do so, but chose to proceed with arbitration against Brindley.
There was substantial undisputed evidence indicating that Huntsville Golf invoked "the litigation process" and that Aetna suffered prejudice as a result. Therefore, Huntsville Golf waived whatever right it may have had to proceed in arbitration against Aetna for damages for delay, consequential damages, and damages involving windows, so we need not address whether initially Huntsville Golf had the right to arbitrate this dispute with Aetna.
The trial court heard ore tenus evidence. After studying the transcript of the evidence, which exceeded 450 pages, and reviewing the performance bond given by Aetna to Brindley, we conclude that, under the ore tenus rule, we must affirm the trial court's judgment, because it is supported by evidence or by inferences that can logically be drawn from the evidence. Davis v. Hester, 582 So.2d 538 (Ala.1991).
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.