ROBERTSON, Presiding Judge.
The defendant Carlton Walker appeals from a judgment of the Etowah County Circuit Court awarding the plaintiff John L. Maddox an easement coextensive with a roadway traversing Walker’s land. We affirm.
Maddox filed a complaint in the trial court seeking injunctive and monetary relief, alleging that he was not able to access his parcel of real property because Walker had constructed a fence obstructing a road used to access Maddox’s parcel and that Walker had threatened physical harm to people traveling on the road. The complaint further alleged that this road, which crosses Walker’s land, was located on a public right-of-way. The trial court granted Maddox’s request for a temporary restraining order preventing Walker from obstructing Maddox’s access to his parcel pending further orders of the court.[1] Maddox later amended his complaint to add as a defendant Emma Louise Harper, Walker’s sister and the holder of title to Walker’s land. Maddox also asserted in his amended complaint that he was entitled to an easement across Walker’s land either by prescription, by implication, or by necessity.
Following an ore tenus proceeding, the trial court entered a judgment finding that although the roadway across Walker’s property was not a public road, Maddox was *198 nonetheless entitled to an easement coextensive with the roadway. The judgment did not specify the legal basis for the easement. Walker’s post-judgment motion was denied, and he appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
Walker contends that the trial court erred in declaring that Maddox was entitled to an easement across his property. We note that the trial court’s judgment is based in part upon disputed ore tenus evidence; the appropriate standard of review is thus that set forth in Hereford v. Gingo-Morgan Park, 551 So.2d 918, 920 (Ala.1989): “In a ease tried ore tenus where the evidence is in dispute there is a presumption of correctness, and the court’s findings will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust.”
Alabama law recognizes that an easement may be created by a number of methods, as is apparent from Cleek v. Povia, 515 So.2d 1246, 1247 (Ala.1987):
“ There is conflicting authority concerning the creation of an easement in Alabama. Traditionally, easements could be created only by deed, by prescription, or by adverse use for a statutory period.... Necessity has also been recognized as a valid basis for the creation of an easement. ...
“This Court, while not expressly overruling precedent, outlined several additional means of establishing an easement in Helms v. Tullis, 398 So.2d 253 (Ala.1981). [Seven] ways of creation were outlined in Helms: (1) By express conveyance, (2) by reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, and (7) by reference to boundaries or maps.”
Maddox’s amended complaint, in which he first stated a claim that he was entitled to an easement across Walker’s property, relied upon the third, fourth, and fifth of these theories, i.e., implication, necessity, and prescription. We therefore consider whether the trial court’s judgment is supported by the evidence as to any one of these three theories. ‘Where the trial judge’s ruling is based on no specific ground, the judgment must be affirmed on appeal if any good ground is presented.” Financial Underwriters, Inc. v. Warren, 485 So.2d 336, 338 (Ala.Civ.App.1986).
The record reveals that the parties’ holdings are located in Etowah County, in Section 29, Township 10, Range 5 East, within two lots identified as “Government Lot A” and “Government Lot B.” Maddox’s parcel of real property is a quadrilateral bounded on the north by the northern boundary of Government Lot A, on the west and the south by property owned by Walker, and on the east by the “Cherokee Boundary Line,” beyond which lies a parcel owned by one not a party to this action. Although most of Maddox’s parcel is located in Government Lot A, a strip of Maddox’s land extends southward into Government Lot B, adjacent to Walker’s property. Walker’s parcel is vaguely S-shaped, extending south from the northern border of Government Lot A, then curving east in Government Lot B to meet the Cherokee Boundary Line, and then extending south to the southern border of Government Lot B; a small section of Walker’s parcel abuts Lawson Gap Road, an east-west public highway that joins another public highway (Mountainboro Road, also known as Mountain Drive) running from southwest to northeast. Maddox’s parcel does not adjoin either Lawson Gap Road or Mountainboro Road, but a path extends from Mountainboro Road westward across the property of Margie Las-seter (whose parcel fronts Mountainboro Road) to Walker’s parcel, where it turns north to parallel the Cherokee Boundary Line and then west to parallel the Walker-Maddox property line until it again turns north to the border of Maddox’s parcel.
Maddox testified that he purchased his parcel from Elbert Hubbard in 1979, and a deed placed into evidence indicates that Hubbard received the property in 1963 from Lucy and Leonard Thrasher. Walker testified that the title to the land he occupies is held by Harper, his sister, and that the property was inherited from their grandfather, W.W. Murdock, and their grandmother, Emma Murdock, by way of Walker and Har *199 per’s mother, Lela Estelle Murdock Walker. In 1965, the lands of the W.W. Murdock Estate in Section 29, Township 10, Range 5 East, according to the “Murdock Deed,” were surveyed; the holdings of the W.W. Murdock Estate in Government Lot B, according to the Murdock Deed, include all of Government Lot B west of the Cherokee Boundary Line up to an abandoned road corresponding to the current Walker western property line. This survey is evidence that W.W. Murdock once owned not only the portion of Government Lot B that Harper now owns, but also that strip of Maddox’s land located in Government Lot B.
We find the dispositive issue to be whether the trial court could have found that Maddox was entitled to an easement by necessity across Walker’s property. The Alabama Supreme Court has enumerated three elements that a landowner must prove in order to obtain an easement by necessity: (1) “that he has no other reasonable means of getting across his land”; (2) “that ... the owner of the dominant estate ... and the ... owners of the servient estate ... have derived their title from a common source”; and (3) that “the easement sought [is] reasonably necessary for the enjoyment of the dominant estate.” Vaughan v. Barr, 600 So.2d 994, 995 (Ala.1992).
The trial court received evidence that supports the existence of all three of the elements set forth in Vaughan. The trial court heard testimony that without the ability to use the road within the claimed. easement across Walker’s property, Maddox could not access his property by car or truck, and that Maddox’s property undisputedly lacks frontage on a publicly traveled highway; this evidence supports the “no other reasonable means” and the “reasonable necessity” prongs of Vaughan. Moreover, the Murdock survey constitutes evidence that Maddox’s title to the strip of land in Government Lot B immediately adjacent to the easement and Harper’s title to the lands currently occupied by Walker were originally derived from a common source, i.e., W.W. Murdock, through various intervening persons. Thus, we conclude that the trial court could have concluded from the evidence that Maddox was entitled to an easement by necessity across Walker’s property.[2]
Although the evidence in this case was in dispute, the trial court’s finding that Maddox is entitled to an easement by necessity across Walker’s property is not “palpably wrong, without supporting evidence or manifestly unjust.” Hereford, supra, 551 So.2d at 920. We therefore affirm the judgment of the trial court.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. Walker and Maddox thereafter stipulated that this order would remain in effect pending a final hearing.

. Because we reach this conclusion, we do not consider whether Maddox is entitled to an easement by implication or by prescription. Similarly, we need not consider whether Maddox may raise, without cross-appealing from the judgment, whether the road he uses to reach his properly constitutes a public road rather than an easement for his and his invitees' use. But see H.C. Schinieding Produce Co. v. Cagle, 529 So.2d 243, 249 n. 4 (Ala.1988) (appellee’s challenge to correctness of adverse ruling with a view to enlarging his rights is properly raised by cross-appeal).