L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1981. There are two children of the marriage. By agreement, incorporated in the divorce, the father agreed to the payment of child support in the amount of $400 per month. In 1986 the petition of the father for a decrease in the payment of child support was denied. The father appeals, alleging an abuse of discretion.
The basis of a petition to modify a decree for child support is that there has been a material change in circumstances of one or both of the parties since the entry of the last decree. Not only must there be a material change in circumstances, but it must be shown that such change in circumstances justifies the modification. Brice v. Brice, 340 So.2d 792 (Ala.1976). “The determination of whether a modification of an original decree should be granted is solely within the discretion of the trial court.” Hurd v. Hurd, 456 So.2d 316 (Ala.Civ.App.1984). Where the decree sought to be modified was based upon an agreement of the parties, modification should not be granted except for clear and sufficient reasons. The burden of establishing such reasons rests upon the petitioner. Jones v. Jones, 446 So.2d 53 (Ala.Civ.App.1984). The ruling of the trial court on a petition for modification after an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be clearly wrong. Brumbeloe v. Brumbeloe, 429 So.2d 1063 (Ala.Civ. App.1983).
*1221 The only evidence produced by the father related to an alleged difference in gross income between the years of 1981 and 1986. His income tax return for 1981, the year of the divorce, showed gross income of $23,000. For the year 1985 his tax return showed gross income of $20,588. The father receives his income from a family-operated used car business. In 1984 he was adjudged bankrupt and his personal debts were discharged. He claims the two children as dependents for tax purposes.
In view of the evidence of less than a three thousand dollar decrease in reported annual income since his agreement to pay child support, the elimination of personal indebtedness, and the claiming of the children as dependents, we cannot find the trial court in error for refusing a reduction in child support. The judgment of the trial court is affirmed.
The wife is awarded the sum of $500 for use of her attorney for services rendered in her behalf on appeal.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.