ROBERTSON, Judge.
This appeal comes to us following a trial court’s grant of summary judgment in favor of appellee, Margaret McCracken, and *664 against appellant, Paul McCracken, on his counterclaim for modification of alimony.
The parties were divorced in 1977 by order of the court. Pursuant to the decree, periodic alimony was awarded to the appel-lee in the amount of $400 per month. Subsequent to the parties’ divorce, appellee inherited a piece of property from her mother. As a result of this inheritance, appellant filed a motion in 1986 to modify alimony, which was denied by the trial court. In 1987, the appellee sold the property for approximately $192,000.
Then, in 1988, by way of a counterclaim in an action filed by the appellee, appellant again petitioned for a modification of alimony. This petition was based on appellee’s new financial status following the sale of the property.
The trial court granted appellee’s motion for summary judgment on appellant’s counterclaim, finding that the modification was barred by the doctrine of res judicata.
At the time of the first modification petition, the appellee only owned the property. However, at the time of appellant’s second petition to modify, the appellee had sold the property and, as a result, had received approximately $192,000 in cash proceeds.
Thus, the dispositive issue on appeal is whether the appellee’s receiving the cash proceeds from the sale of the inherited property could be deemed a change in circumstances sufficient to allow a hearing on appellant’s petition to modify.
At the outset, we note that the trial court may modify an award of periodic alimony at any time upon a showing of a material change in circumstances. Waltman v. Waltman, 528 So.2d 867 (Ala.Civ.App.1988). Further, the purpose of periodic alimony is to provide financial support for the former spouse. Wattman. Thus, if the former spouse becomes self-supporting, a material change in circumstances exists to authorize alimony modification. Watt-man.
At the time of the first petition for modification, the appellee’s inheritance was not generating any money from which she could draw support. However, as of the date of the second petition, the property had been sold, and she had received substantial financial benefit. Thus, in contrast to her position at the first modification hearing, the appellee’s inheritance has now generated income, and she may no longer need alimony for financial support.
Consequently, the judgment of the trial court is due to be reversed, and this case remanded for further proceedings.
Appellee’s request for an attorney’s fee on appeal is denied.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.