Margaret L. McCracken and Paul E. McCracken were divorced in 1977. Periodic alimony was awarded to Margaret pursuant to the divorce judgment. Subsequent to the divorce, Margaret inherited real property from her mother. In 1986, Paul petitioned for modification of periodic alimony, based on Margaret's inheritance. The trial court denied his petition.
In 1987, Margaret sold the property for approximately $192,000. In 1988, she filed a petition for modification of the divorce judgment, and Paul counterclaimed for a modification of alimony, based upon Margaret's sale of the real property. Margaret filed a motion for summary judgment as to this issue, which was granted by the trial court on the grounds that the issue regarding the real property had been litigated in 1986 and therefore consideration of the issue was barred by the doctrine of res judicata. Paul appealed, and the Court of Civil Appeals reversed the judgment and remanded the cause.576 So.2d 663.
The Court of Civil Appeals did not address the implications of the doctrine of res judicata. It stated the issue as being "whether [Margaret's] receiving the cash proceeds from the sale of the inherited property could be deemed a change in circumstances sufficient to allow a hearing on [Paul's] petition to modify." In reversing the judgment, the Court of Civil Appeals reasoned that Margaret's position had changed since the first modification hearing, in that her inheritance had now generated income and thus she might no longer need alimony for financial support.
Contrary to the ruling of the Court of Civil Appeals, we see the question before the Court as being whether the trial court erred in barring Paul's petition based upon the doctrine ofres judicata. "Alabama law requires four elements for the application of res judicata. First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Missildine v. AvondaleMills, Inc., 415 So.2d 1040, 1041 (Ala. 1981)." Higgins v.Henderson, 551 So.2d 1050, 1052 (Ala. 1989). "If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357
(Ala. 1977)." Wood v. Tricon Metals Services, Inc.,548 So.2d 138, 140 (Ala. 1989).
In the case before us, Paul McCracken petitioned the trial court for a modification of alimony in 1986, based upon Margaret's inheritance of real property from her mother. At that time the question was whether the inheritance constituted a material change in circumstances. The modification was denied by the trial court after it heard testimony concerning the value of the inherited *Page 666 
real property. Therefore, the four elements have been met by Margaret. Paul is barred from reopening an issue that was fully litigated in the previous modification hearing.
We do not agree with the Court of Civil Appeals that a change in the form of the asset from real property to cash made it a different asset. It is the same asset that was before the trial court in the 1986 modification hearing, at which the issue of its value was raised and at which the court ruled on the merits of the case. "The wife's success in liquidating assets is a factor to be considered, but does not in and of itself constitute a material change in circumstances. Cox v. Cox,485 So.2d 767 (Ala.Civ.App. 1986)." Stewart v. Stewart,536 So.2d 91, 92 (Ala.Civ.App. 1988). The Court of Civil Appeals erred in reversing the trial court's judgment holding that reconsideration of the issue was barred by res judicata.
The trial court's order is also consistent with the following principle of law:
 "Additionally, we would reiterate that in periodic alimony modification cases the law is concerned with one's ability to earn, as opposed to actual earnings, in determining whether periodic alimony should be terminated, increased, or reduced in modification proceedings. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985)."
485 So.2d at 768.
We therefore reverse the judgment of the Court of Civil Appeals.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES and HOUSTON, JJ., concur.
STEAGALL, J., recused.
KENNEDY, J., dissents.