CRAWLEY, Judge.
This case involves a petition to modify an award of periodic alimony.
Granville Kennedy (husband) and Janet Frances Kennedy (wife) were divorced in 1989. The trial court awarded the husband custody of the two minor children, ordered him to pay $400 monthly periodic alimony to the wife until her death, remarriage, or cohabitation with another man. The trial court awarded no child support. In 1990, the husband filed a petition to modify the divorce judgment, requesting child support and a termination of alimony. The trial court denied the petition in 1991, and the husband did not appeal. In 1993, the wife filed a petition to have the husband held in contempt for not paying alimony. The husband answered, claiming that the wife was employed and had cohabited with another man and requesting a termination of alimony. Following ore tenus proceedings, the trial court found that the wife had not cohabited, denied the husband’s request for a termination of alimony, and ruled that the husband owed an alimony arrearage, plus interest. The husband appeals.
The husband argues that the wife’s employment was a material change in circumstances and that the trial court erred in not terminating his alimony obligation. He also argues that the wife’s cohabitation with another man requires a termination of alimony.
Our supreme court has applied the doctrine of res judicata to prohibit a subsequent petition to modify periodic alimony on the same ground raised in a previous petition. See, Ex parte McCracken, 576 So.2d 664 (Ala.1991). The four elements of res judicata are (1) identical parties, (2) identical causes of action, (3) proper jurisdiction, and (4) a judgment on the merits. Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala.1989). If the four elements are satisfied, then an issue decided in a prior proceeding cannot be the subject of subsequent litigation. Wood v. Tricon Metals & Services, Inc., 548 So.2d 138, 140 (Ala.1989).
*1215 In 1990 and 1993, the husband filed petitions to modify the periodic alimony award; he filed those petitions in the court that had rendered the 1989 divorce judgment. He alleged in each petition that the wife’s employment as a clerk typist was a material change in circumstances. The trial court, after hearing ore tenus testimony, denied the 1990 petition. Therefore, res judica-ta bars further litigation on the issue of whether the wife’s employment is a material change in circumstances justifying the termination of her periodic alimony.
The husband contends that the wife had cohabited with another man, and the trial court erred in not terminating his periodic alimony obligation. The wife did admit that her former flaneé had stayed in her house for three weeks after she had surgery; however, she further testified that they never had sexual relations, that he never had a key to the house, and that he never assisted with household expenses. The former fiancé testified that they had had sexual relations, that he had often stayed overnight, and that he kept clothes at her house. The trial court heard the conflicting testimony, and it was the trial court’s duty to resolve those conflicts. Jones v. LeFlore, 421 So.2d 1287, 1288 (Ala.Civ.App.1982). Therefore, we find no error in the trial court’s finding that the wife had not cohabited with her former fiancé.
The wife’s request for an attorney’s fee is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.