796 So.2d 359 (2000)
Robert Brian PATTERSON
v.
Carol Ann PATTERSON.
Carol Ann Patterson
v.
Robert Brian Patterson.
2981217.
Court of Civil Appeals of Alabama.
April 28, 2000.
*360 Vanessa Arnold Shoots and Henry H. Caddell of Thiry & Caddell, Mobile, for appellant/cross appellee Robert Brian Patterson.
Joseph C. Sullivan, Jr., of Hamilton, Butler, Riddick, Tarlton & Sullivan, P.C., Mobile, for appellee/cross appellant Carol Ann Patterson.

On Application for Rehearing
MONROE, Judge.
This court's opinion of March 3, 2000, is withdrawn and the following substituted therefor.
Robert Brian Patterson ("the husband") appeals from the trial court's order dated April 20, 1999. Carol Ann Patterson ("the wife") cross-appeals.
The record tends to show the following: The parties were divorced in October 1995 after 19 years of marriage. The husband is a physician, practicing anatomic and clinical pathology. Prior to the parties' divorce, the husband earned $37,500 per month with Port City Pathologists. At the time of the divorce, the husband was unemployed, but he agreed to pay the wife $5,000 per month in periodic alimony and $5,000 per month in child support for the parties' three minor children. In July 1996, the husband began working with Alabama Reference Laboratory, earning $120,000 per year or $10,000 per month. At the time of the March 30, 1999, hearing, the husband was still working at Alabama Reference Laboratory, as the director of anatomical pathology, and was earning $217,000 per year or $18,083 per month.
In June 1996, the wife petitioned for a rule nisi, contending that the husband was in arrears in his alimony and child-support obligations. The husband moved to modify his alimony and child-support obligations, contending that his income had been drastically reduced because of the loss of his employment. In September 1996, the trial court issued an order, denying the husband's petition for modification, but partially suspending his alimony and child-support obligations for one year (requiring him to pay $2,000 per month in child support and $1,500 per month in alimony until September 1997). The trial court's order provided that the suspended portion of alimony and child support would continue to accrue and that the husband was to make a lump-sum payment of the total accrued obligations approximately one year from the date of the order. The September 1996 order also awarded the wife a judgment in the amount of $45,000, representing her interest in the equity in the marital home. The husband appealed. This court, without opinion, affirmed the trial court's judgment. Patterson v. Patterson, 720 So.2d 1063 (Ala.Civ.App.1997) (table).
In June 1997, the wife petitioned for a rule nisi regarding the husband's failure or refusal to pay certain outstanding debts he had agreed to pay. In December 1997, the trial court issued an order, awarding a judgment in favor of the wife and against *361 the husband in the amount of $30,258.56, representing the amount of debts the husband had agreed to pay.
In May 1998, the wife filed an affidavit, stating that the husband had failed to comply with the trial court's December 1997 order. The husband filed a suggestion of bankruptcy, stating that on May 7, 1998, he had instituted bankruptcy proceedings. The husband received a discharge in bankruptcy in November 1998.
In February 1999, the husband petitioned for a modification of his alimony and child-support obligations, contending that his ability to pay his alimony and child-support obligations had decreased. The wife answered and petitioned for a rule nisi, contending that the husband was in arrears for alimony and child support (in excess of $100,000 in alimony and in excess of $90,000 in child support). The wife also alleged that the husband had failed to pay her the $45,000 equity in the marital residence (the husband testified at the March 1999 hearing that there was no equity in the marital residence because the Government had a lien against the residence because of some of his unpaid student loans) and had failed to pay the $30,258.56 judgment for debts the husband had agreed to pay. The wife contended that the husband had failed to pay college-education expenses for the oldest minor child, as agreed, and she also sought attorney fees.
In April 1999, the trial court issued an order, awarding a judgment in favor of the wife in the amount of $108,500 for alimony arrearage and $93,000 for child-support arrearage; affirming the September 1996 judgment in the amount of $15,500 for alimony arrearage; ordering the husband to pay $1,000 per month for the alimony and child-support arrearages; denying the husband's motion to reduce the alimony award; reducing the husband's child-support obligation to $3,780 per month; determining that the judgments for $45,000 and $30,258.56 had been discharged by the bankruptcy court and stating, "[T]his court will not order a pay-back on same debt until such time as the bankruptcy court determines that it was not discharged by the bankruptcy;" and entering a judgment against the husband in the amount of $10,832.24 for unreimbursed college-education expenses.
As previously noted, the husband appealed and the wife cross-appealed. The husband contends that the trial court abused its discretion when it declined to modify the periodic alimony award and when it reduced the husband's child-support obligation based solely upon the husband's income and not based upon the needs of the minor children.
The wife contends that the trial court abused its discretion when it reduced the husband's child-support obligation because, she says, the husband failed to meet his burden of showing a material change in circumstances since the date of the last hearing on the issue of child support. The wife also contends that the trial court erred when it determined that the husband's bankruptcy discharged his responsibility for certain debts of the marriage and his responsibility to pay the wife $45,000, which represented her equity in the marital residence. The wife also argues that the trial court abused its discretion when it declined to award attorney fees in this case.
In Taylor v. Taylor, 640 So.2d 971, 973 (Ala.Civ.App.1994), this court stated:
"The burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order. In determining whether there has been a material *362 change in circumstances, the trial court must consider the financial needs of the payee spouse and the financial ability of the payor spouse to respond to those needs. It is the payor spouse's ability to earn and pay the support rather than his actual income that is determinative."
(Citations omitted.)
In Ex parte Forlini-Parsons, 455 So.2d 858, 860 (Ala.1984), our supreme court stated:
"This Court affirmed the holding of the Court of Civil Appeals [in Rowe v. Boley, 392 So.2d 838 (Ala.Civ.App.1980),] that:
"`[I]n considering a modification of child support payments, a court should consider all changes in circumstances since the last decree awarding or actually modifying child support, rather than only those changes taking place since the last decree that considered the question of modification.' (Emphasis added.) Ex parte Boley, 392 So.2d 840, 841 (Ala.1981).
"Reading this language in light of our discussion in Boley regarding the needs of the child and the ability of the parent to respond to those needs, it is apparent that this Court intended that the trial court consider any material changes in the needs of the children and the ability of the parent to pay since the last award fixing the amount of support."
(Emphasis in original.)
As previously noted, although the husband was unemployed when the parties were divorced, he agreed to pay $5,000 per month in child support and $5,000 per month in alimony. In Colton v. Colton, 252 Ala. 442, 444, 41 So.2d 398, 399 (1949), our supreme court stated,
"[A] decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation.
"Modification of such a decree can only be ordered on proof of change of conditions of the parties, one or both, as the decree is final as to the conditions existing at the time, since existing conditions are presumed to have been considered upon the rendition of the decree."
(Citations omitted.) The husband now earns over $18,000 per month, has remarried (and his wife earns approximately $28,000 per year), and he has been relieved of many of his obligations through bankruptcy. Since September 1996, the husband has paid $2,000 per month in child support and $1,500 per month in alimony, for a total of $3,500 per month. Under the court's September 1996 order, the husband was to resume paying $5,000 per month in alimony and $5,000 per month in child support in September 1997, but he failed to do so.
The wife earns $10,000 per year, and the wife and minor children receive $42,000 per year in alimony and child support, based on what the husband is now paying, for a total annual income of $52,000, or one-fourth the annual income earned by the husband. The wife testified that she and the parties' three minor children have had to make drastic cuts in their living expenses because of their limited income. The children no longer attend private school. They cannot afford to buy many clothes, eat out, or go to movies. There are some weeks that they cannot afford to buy groceries. Their only entertainment is to rent movies, using gift certificates sent to the minor son by the husband's new wife. The wife has no savings. She lives in a much smaller house, which she rents, rather than owns. She is paying on the debts that the husband was ordered to *363 pay under the divorce judgment. The parties' oldest child is unable to continue her college education because the husband failed to pay her tuition to Tulane University and she cannot return to school until the past-due tuition is paid. The wife testified that she does not have the funds to pay for her oldest child's college education.
We find that the husband failed to demonstrate a material change in circumstances sufficient to modify his child-support obligation. See Colton, 252 Ala. 442, 41 So.2d 398; and Roberts v. Roberts, 395 So.2d 1035 (Ala.Civ.App.1981). The husband had no income when he agreed to pay $5,000 per month in alimony and $5,000 per month in child support. His income has increased since the time of the divorce, and he currently earns $217,000 per year. The needs of the wife and the parties' three minor children (who are now teenagers) have not decreased, but they have had to adjust to live within the amount the husband pays in monthly alimony and child supportwhich is $6,500 per month less than he agreed to pay when the parties were divorced.
In light of the foregoing, we affirm that portion of the judgment denying the husband's motion to modify the alimony award and we reverse that portion of the judgment decreasing the husband's child-support obligation from $5,000 per month to $3,780 per month and remand the case for proceedings consistent with this opinion. Additionally, we would note that the trial court failed to address the wife's request for attorney fees. Thus, on remand, the trial court should address the wife's request for attorney fees.
The wife contends that the trial court wrongfully determined that the judgments for $45,000 and $30,258.56 had been discharged by the husband's bankruptcy.
Indebtedness in the form of alimony in gross or a property settlement is dischargeable in bankruptcy; however, periodic alimony is not subject to discharge. 11 U.S.C. § 523(a)(5); In re Townsend, 155 B.R. 235 (Bankr.S.D.Ala.1992). Therefore, if the amounts at issue constituted a property settlement rather than periodic alimony, the husband was relieved of the debt through his bankruptcy discharge. Anderson v. Anderson, 686 So.2d 320 (Ala.Civ.App.1996).
"[F]or an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. 11 U.S.C.A. § 727(b)." Id. at 324.
The husband had been ordered to pay the wife $45,000 for her share of the equity in the marital home and $30,258.56 to pay off certain debts. It does not appear that these amounts were subject to modification. The trial court properly determined that the payments constituted a property settlement and not periodic alimony. Therefore, the trial court did not err in holding that the amounts had been discharged. Anderson; In re Hunter, 101 B.R. 294 (Bankr.S.D.Ala.1989).
The judgment of the trial court is affirmed in part and reversed in part and the case is remanded.
The wife's request for attorney fees on appeal is granted in the amount of $1,500.
OPINION OF MARCH 3, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k), ALA. R. APP. P., MOTION DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
*364 CRAWLEY, Judge, dissenting.
The record indicates that the trial court set the issue of the wife's request for attorney fees for a separate hearing, which was never held. Both the husband and the wife proceeded with their appeals before the date the trial court set for the hearing on the attorney fees. I conclude that both appeals are from a nonfinal judgment; and, therefore, that the appeals should be dismissed. See Goza v. Everett, 365 So.2d 658 (Ala.1978) (holding that order which did not address all claims for relief was not a final judgment and that an appeal from such an order was due to be dismissed); see also Brown v. McConnell, 705 So.2d 476 (Ala.Civ.App.1997) (holding that order which did not address issues of damages and attorney fees is not a final judgment); but see Holman v. Bane, 698 So.2d 117 (Ala.1997) (holding that the trial court's judgment confirming the sale of real property and a division of the proceeds was a final judgment even though the trial court reserved the attorney-fees issue, and apparently limiting the holding to sale-for-division actions).
THOMPSON, J., concurs.