MOORE, Chief Justice
(dissenting).
I dissent from the order quashing the writ of certiorari.
Robert Brian Patterson had been ordered by a divorce judgment to pay child support. The trial court later reduced his monthly child-support obligation, based on a finding of a material change of circumstances (a reduction in his monthly earnings). The Court of Civil Appeals reversed that portion of the trial court’s judgment modifying the child-support obligation. Patterson v. Patterson, 796 So.2d 359 (Ala.Civ.App.2000). The Court of Civil Appeals concluded “that the husband failed to demonstrate a material change in circumstances sufficient to modify his child-support obligation.” 796 So.2d at 363.
I disagree with the conclusion of the Court of Civil Appeals. I think the trial *365 court deserves more deference than the Court of Civil Appeals gave it, especially given that the trial court’s ruling was subject to the ore tenus standard of review.[1] The record indicates that the trial judge heard evidence of a material change in Patterson’s circumstances; therefore, I do not see how the judgment could be clearly erroneous, manifestly unjust, or without supporting evidence. Therefore, I respectfully dissent.

. The trial court entered its order modifying the child-support obligation after conducting a nonjury hearing at which it heard ore tenus evidence. Where the court hears ore tenus evidence, its findings of fact based on that evidence are presumed correct, and its judgment based on those findings will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Gaston, supra; Smith v. Style Adver., Inc., 470 So.2d 1194 (Ala.1985); League v. McDonald, 355 So.2d 695 (Ala.1978).