John J. Beatty ("the husband") appeals a judgment finding him $25,230.14 in arrears regarding his obligation to pay Gloria N. Beatty ("the wife") $600 in monthly periodic alimony and denying his petition seeking a reduction in that obligation. We affirm in part, reverse in part, and remand with instructions. *Page 763 
The wife petitioned the trial court seeking, among other things, to hold the husband in contempt for his alleged accrual of an arrearage regarding his obligation to pay her periodic alimony in the amount of $600 per month. The trial court then entered an order requiring the husband to show cause why he should not be held in contempt. The husband answered, denying that he had accrued an arrearage, and filed a petition seeking a reduction in his monthly periodic-alimony obligation.
On May 7, 2007, the trial court held an ore tenus proceeding on the parties' petitions. On May 8, 2007, the trial court entered a judgment denying the wife's petition insofar as she sought to find the husband in contempt and denying the husband's petition seeking a reduction in his periodic-alimony obligation. It found that the husband accrued an arrearage, plus interest, totaling $25,230.14.
The husband then moved the trial court to alter, amend, or vacate its judgment. The trial court denied that postjudgment motion. The husband timely appealed.
The following facts are pertinent to this appeal. The evidence established that the parties divorced in 1998. The divorce judgment ordered the husband to pay the wife periodic alimony in the amount of $600 per month.
It is undisputed that a 2001 judgment incorporating the terms of an agreement entered into by the parties ordered the wife to apply to receive a portion of the husband's Social Security benefits. The 2001 judgment is not included in the record on appeal. The parties do not dispute that the 2001 judgment provided that the husband's periodic-alimony obligation would be reduced in an amount equal to the amount of the husband's Social Security benefits that the wife received. Additionally, it is undisputed that the 2001 judgment ordered the wife to notify the trial court and the husband when she received those benefits. The wife applied for those benefits, but her claim was denied.
At trial, the wife contended that the 2001 judgment required the husband to continue to pay her $600 per month in periodic alimony until she receives a portion of the husband's Social Security benefits. She testified that the judgment provided that the husband would continue to pay her $600 per month if she were unable to receive those benefits. The husband denied that he was required to continue to pay the wife $600 per month if she were denied a portion of his Social Security benefits. The husband testified that the judgment provided that the amount of any Social Security benefits the wife received would be credited against the $600 he owed her in monthly periodic alimony. He also testified that the judgment ordered him to pay the wife $300 per month until the wife informed the husband and the trial court of the receipt of those benefits.
Debbie Snow, an employee of the wife's previous attorney, stated that she had drafted a letter dated January 2, 2002, addressed to the husband's attorney stating that the wife had informed her that she had been denied a portion of the husband's Social Security benefits. Snow testified that she did not remember whether the wife's previous attorney had informed the trial court that the wife had been denied those benefits. The husband denied receiving that letter and testified that he was *Page 764 
unaware that the wife had been denied a portion of his Social Security benefits.
The wife introduced into evidence a document reflecting the amount of the husband's alleged arrearage. That document indicates the following. The husband had paid the wife $400 per month from December 2001 to February 2003. From March 2003 until March 2006, the husband had paid $300 per month. The husband then failed to pay any alimony from March 2006 until January 2007 except in April 2006, when he paid $300. The husband then paid $3,000 in February 2007. The wife's document also indicates that the husband allegedly accrued an arrearage, plus accrued interest, totaling $24,030.14 from December 2001 to February 2007. The wife testified that the husband had paid her $300 in March, April, and May 2007. She alleged that the husband owed her an additional $900 for those months. According to the evidence the wife introduced at trial, the husband's arrearage, plus accrued interest, totals $24,930.14.
On appeal, the husband first argues that the trial court erred by finding him in arrears regarding his obligation to pay monthly periodic alimony.
 "Alimony arrearage is a final judgment as of the date due and is not subject to modification. Harris v. Harris, 553 So.2d 129 (Ala.Civ.App. 1989). In some instances alimony obligations can be satisfied by means other than direct payment from the husband to the wife. See, Swindle v. Swindle, 429 So.2d 601 (Ala.Civ.App. 1983) (holding that obligation to pay mortgage on home was satisfied by payment of fire insurance proceeds where husband maintained fire insurance policy); Frazier v. Frazier, 455 So.2d 883 (Ala.Civ.App. 1984) (holding that alimony obligation was discharged by Social Security payments received by the wife)."
Anderson v. Anderson, 686 So.2d 320, 323
(Ala.Civ.App. 1996).
In its judgment, the trial court stated, in pertinent part:
 "Testimony was presented by both parties, as well as stipulations of facts, and the same having been heard and considered, the Court hereby finds as follows:
 "1. That the [husband] was ordered to pay $600.00 per month [as] Alimony in the original divorce.
 "2. That in December 2001, the parties agreed that the [wife] should be due Social Security benefits from the [husband's] work history and that Alimony would reduce dollar-for-dollar as to the amount, which was estimated to be around $300.00. The [husband] was ordered to pay $300.00 per month as Alimony along with $100.00 per month on an arrearage of $1,500.00.
 "3. That the [wife] was to apply for Social Security benefits and notify all parties and the Court in writing with the exact amount of benefits.
 "4. That while the [wife] did apply, she, nor the attorney, notified the Court or the [husband], in writing. Thereafter, the [husband] paid the $300.00 per month and $100.00 per month for (15) fifteen months as Ordered.
 "5. That the [husband] was not aware of the fact that the [wife] was not eligible for Social Security until after the [wife] had filed the Petition for Contempt, at which time, he filed to modify and paid the balance due based on the $300.00 per month figure.
 "6. That the [husband] failed to show a change in circumstances that would warrant a modification of Periodic Alimony. *Page 765 
 "7. That the [husband] is not found to be in wilful and contumacious Contempt for failure to pay Alimony.
 "It is therefore ORDERED, ADJUDGED and DECREED as follows:
 "A. The [wife] . . . is awarded a Judgment against the [husband] . . . in the amount of $24,030.14 thru February, 2007, plus $1,200.00 for the months of March and April, 2007, for a total Judgment of $25,230.14 (Twenty-five Thousand, Two Hundred, Thirty and 14/100 — Dollars), for which let execution issue."
(Emphasis omitted.)
The husband argues that the trial court's findings of fact are inconsistent with its judgment. Particularly, he contends that the trial court found that the 2001 judgment reduced his periodic-alimony obligation to $300 per month; that he had paid $300 per month pursuant to that judgment; and that, nonetheless, the trial court found him to be $25,230.14 in arrears.[1]
Our supreme court has stated:
 "We construe the trial court's judgment like other written instruments: the rules of construction for contracts are applicable for construing judgments. Hanson v. Hearn, 521 So.2d 953, 954
(Ala. 1988); Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App. 1991). We are free to review `all the relevant circumstances surrounding the judgment,' and the entire judgment . . . should be read as a whole in the light of all the circumstances as well as of the conduct of the parties.' Hanson, 521 So.2d at 955."
Boykin v. Law, 946 So.2d 838, 848 (Ala. 2006).
Reading the trial court's judgment as a whole and reviewing the circumstances surrounding the entry of the judgment, we conclude that the trial court found that the 2001 judgment reduced the husband's obligation to pay $600 in monthly periodic alimony only if the wife were to receive a portion of the husband's Social Security benefits; in other words, the husband remained obligated to pay the wife $600 per month in the event she were denied those benefits.
Additionally,
 "[t]his court does not presume error. In order for this court to consider an error asserted on appeal, that error must be affirmatively demonstrated by the record. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App. 1981). [The appellant] must `bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.' Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala. 1990)."
Elliott v. Bud's Truck Auto Repair,656 So.2d 837, 838 (Ala.Civ.App. 1995). The husband contends that the trial court's judgment finding him in arrears does not reflect the 2001 judgment modifying his periodic-alimony obligation to $300 per month. However, the husband failed to include the 2001 judgment in the record on appeal. Therefore, the husband failed to meet his burden to ensure that the record on appeal demonstrates error. Based on the foregoing reasons, we conclude that the trial court did not err in finding that the husband had accrued an arrearage *Page 766 
from December 2001 to February 2007, plus accrued interest, totaling $24,030.14.
The husband also argues that the trial court erred by finding that he had accrued an arrearage totaling $1,200 for the months of March and April 2007. The wife concedes that the trial court erred in this regard. At trial, the wife testified that the husband had paid her $300 in March and in April 2007 and that the husband still owed her a total of $600 for those months. Because the evidence does not support the judgment insofar as it found that the husband had accrued an arrearage totaling $1,200 for the months of March and April 2007, we reverse the judgment insofar as it found the husband to be $1,200 in arrears for those months.
Last, the husband argues that the trial court erred by denying his petition seeking a reduction in his periodic-alimony obligation. The husband works part-time as a contract employee at Reid's Pest Control. The husband introduced his 2006 federal income-tax return. That return indicates that the husband's total income in 2006 was $12,619. However, an income affidavit the wife introduced into evidence indicates that the husband's monthly gross income totals $3,885, or $46,620 per year, which includes the income he earns from Reid's Pest Control and income from retirement, disability, and Social Security benefits. The husband testified that the wife's income affidavit reflects his current income. He also testified that, at the time of the parties' divorce, he had been earning approximately $5,500 per month. The husband, who was 69 years old at the time of trial, testified that he plans to retire when he attains the age of 70.
Regarding his assets, the husband testified that he owns a fifth-wheel camper, a Suzuki four-wheeler, and a boat. He also testified that he had traded in his used boat to purchase a new boat at a price of $23,000 three years before trial. Additionally, the husband stated that he had recently purchased a 2004 Ford Sport Trac sport-utility vehicle and a Buick automobile. Although the husband stated that he cannot afford to pay the wife $600 per month in alimony, he admitted that he could afford to pay her that amount if he did not have to pay the indebtedness on his automobile and his boat. However, he stated that he did not intend on selling those items.
The wife testified that both her income and her expenses had increased since the divorce. She also testified that, at the time of the divorce, she had been receiving retirement income and had been employed on a part-time basis. She stated that she did not know how much income she had been earning at the time of the divorce.
The evidence established that the wife works at ITC DeltaCom. An exhibit the wife introduced in evidence indicates that she has a net income of $2,000 each month. The husband introduced the wife's 2006 federal income-tax return, which indicates that her yearly adjusted gross income totals $31,235, or $2,602.92 per month. Also, the wife receives retirement benefits in an unknown amount. However, the wife's 2006 federal income-tax return indicates that the wife had received a total of $14,652 from pensions and annuities.
The wife testified that she could not afford to pay for doctor's visits and that she needs funds to obtain dental treatment. She stated that she has health insurance but that she can barely pay for her health-care expenses. She further stated that her automobile and her residence were in need of repair but that she could not afford to pay for the costs of those repairs. The wife stated that she was not in arrears regarding her mortgage indebtedness, her utility payments, or her *Page 767 
credit-card debts. However, she stated that she had borrowed money from family members and had obtained "pay-day" loans to meet unspecified expenses.
The wife introduced an exhibit itemizing her monthly expenses. Those expenses include, but are not limited to, $727 for her monthly mortgage indebtedness, $220 for utilities, and $200 for the purchase of food. That exhibit indicates that the wife's monthly expenses total $2,213.
 "A decision to modify an award of periodic alimony is within the sound discretion of the trial court. Bush v. Bush, 784 So.2d 299, 300
(Ala.Civ.App. 2000). The trial court's judgment on this matter is presumed correct and will not be reversed unless it is unsupported by the evidence or is otherwise plainly and palpably wrong. Posey v. Posey, 634 So.2d 571, 572 (Ala.Civ.App. 1994). A periodic-alimony obligation may be modified only upon a showing of a material change of circumstances that has occurred since the last award was made. Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App. 1995). In making this determination, `[t]he trial court may consider several factors, including the earning capacity of each spouse, the recipient's needs and the payor's ability to meet those needs, and the estate of each spouse.' Id."
R.L.W. v. C.L.W., 872 So.2d 876, 877
(Ala.Civ.App. 2003).
The evidence established that, at the time the parties divorced, the husband's income totaled $5,500 per month. His monthly income had decreased to $3,885 per month at the time of trial. However, the trial court received evidence tending to establish that the husband was not financially constrained. The husband testified that he had purchased a new boat at a price of $23,000 and that he had recently purchased two vehicles. Although the husband stated that he cannot afford to continue to pay the wife $600 a month in periodic alimony, the husband admitted that he could afford to pay that amount if he were to sell his automobile and his boat.
Furthermore, the trial court received evidence indicating that the wife's monthly expenses of $2,213 exceeded her monthly net income of $2,000. Moreover, the wife testified that she needs money for dental work, automobile repairs, and repairs on her residence. Although the wife testified that her income had increased since the parties' divorce, the trial court received evidence tending to establish that the wife did not earn sufficient income to pay for all of her expenses. Accordingly, we conclude that the trial court did not err in denying the husband's petition seeking to decrease his periodic-alimony obligation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs specially.
THOMAS, J., concurs in part, concurs in the result in part, and dissents in part, with writing.
MOORE, J., concurs in the result in part and dissents in part, with writing.
[1] Apparently, the trial court derived a total arrearage of $25,230.14 by finding credible the wife's document indicating that the husband was obligated to pay $600 per month from December 2001 until February 2007; accordingly, the trial court determined that the husband's arrearage for that period, plus accrued interest, totaled $24,030.14. Additionally, the trial court found that the husband was $1,200 in arrears for March and April 2007. Adding $24,030.14 to $1,200 equals $25,230.14.