THOMPSON, Presiding Judge.
The Montgomery Circuit Court ("the trial court") entered a judgment on April 1, 2004, that divorced Randolph G. Wilson, Jr. ("the husband"), and Teresa L. Wilson ("the wife"). Among other things, the 2004 divorce judgment awarded the wife a portion of the husband's retirement benefits, awarded the wife $1,250 per month in periodic alimony, and ordered the husband to maintain a life-insurance policy naming the wife as beneficiary for as long as his periodic-alimony obligation continued. The husband appealed from the divorce judgment, challenging that part of the property division that awarded the wife a portion of his retirement benefits, and this court reversed the judgment and remanded the case for a redetermination of the property division and alimony award. Wilson v. Wilson, 941 So.2d 967, 970 (Ala. Civ. App. 2005). The record does not contain the divorce judgment entered upon remand after this court's release of Wilson v. Wilson, supra, but the record indicates that the wife was awarded periodic alimony.
In 2001, the wife filed a contempt action with regard to matters not pertinent to this appeal, and the trial court entered a judgment in that action in September 2004.
On August 20, 2013, the husband filed an action in which he sought to modify his periodic-alimony obligation; hereinafter, we refer to that action as "the .02 modification action."[1] In his complaint filed in the .02 modification action, the husband alleged that he planned to retire approximately 10 days after the date that action was initiated and that, as a result of his expected retirement, he would suffer a decrease in his income. The husband further alleged that the wife was employed and was capable of supporting herself without receiving periodic alimony.
During the course of the litigation in the .02 modification action, the wife filed a motion to have the husband held in contempt and for an award of sanctions for the husband's alleged abuses of discovery practices during the course of the .02 modification action. On March 5, 2014, the trial court entered a judgment in the .02 modification action in which it granted the wife's motion to have the husband held in contempt, awarded the wife an attorney fee and costs as sanctions, and dismissed the *1194 husband's complaint because of the husband's failure to comply with court orders and the Alabama Rules of Civil Procedure. No appeal was taken from the March 5, 2014, judgment in the .02 modification action.
One year later, on March 6, 2015, the husband filed in the trial court a petition to modify his alimony obligation; that filing initiated the action that is currently before this court. In his petition to modify in this action, the husband alleged that he had suffered a material change in his income because of his retirement from the military and that the wife was capable of supporting herself. In that petition, the husband alleged that there had been a material change in circumstances since the entry of the April 1, 2004, divorce judgment that warranted a change in his periodic-alimony obligation.[2] The husband's March 6, 2015, petition to modify contained no reference to the March 5, 2014, judgment in the .02 modification action. The wife answered and opposed the husband's claim for a modification.
The trial court conducted an ore tenus hearing. At that hearing, the wife argued that the husband was limited in his presentation of evidence to events occurring since the entry of the most recent, March 5, 2014, judgment in the .02 modification action. The husband maintained that he could present evidence relating back to the date of the April 1, 2004, divorce judgment. The trial court agreed with the wife's argument and stated that it would consider evidence only as it related to a change in circumstances since the entry of the March 5, 2014, judgment.
On November 4, 2015, the trial court entered a judgment in this action in which it determined that the husband had failed to meet his burden for obtaining a modification of his alimony obligation, and it "dismissed" the husband's modification petition. In its November 4, 2015, judgment, the trial court also awarded the wife $5,000 as compensation for her attorney fees and costs. The husband filed a timely notice of appeal to this court.
The husband first argues that the trial court erred in limiting his presentation of the evidence to the period after the entry of the most recent, March 5, 2014, judgment. Initially, we note that, in her answer to the husband's March 6, 2015, petition to modify, the wife asserted several affirmative defenses, including the doctrine of res judicata. See Rule 8(c), Ala. R. Civ. P. Other than in the wife's answer, the doctrine of res judicata is not mentioned elsewhere in the record, and the wife did not argue that theory before the trial court during the ore tenus hearing. A party asserting an affirmative defense "'bears the burden of proving the essential elements of his affirmative defenses.'" Ex parte Ramsay, 829 So.2d 146, 152 (Ala. 2002) (quoting Ex parte Blue Cross & Blue Shield of Alabama, 773 So.2d 475, 478 (Ala. 2000) ). Rather, during the ore tenus hearing, the parties argued only the issue whether the trial court should consider the evidence pertaining to the husband's claim seeking a modification of periodic alimony dating back to when the April 1, 2004, divorce judgment was entered or to when the March 5, 2014, judgment on the husband's last modification action was entered. "[Our supreme court has] said that a case will not be reviewed ... on a theory different from that on which the trial was had."
*1195 Sealy v. McElroy, 288 Ala. 93, 98, 257 So.2d 340, 344 (1972). See also Lewis v. Oakley, 847 So.2d 307, 311 (Ala. 2002) ("'It is well established that this Court will not consider a case on a theory different from that on which it was tried below.' Kmart Corp. v. Bassett, 769 So.2d 282, 284 n.2 (Ala. 2000)."). Accordingly, we have addressed the issues on appeal as they were presented to the trial court by the parties and as they were considered and decided by the trial court.
The husband maintains that the trial court should have considered evidence pertaining to the entire period after the entry of the April 1, 2004, divorce judgment. The wife argues in support of the trial court's judgment that the most recent, March 5, 2014, judgment in the husband's earlier action to modify his periodic-alimony obligation constituted an adjudication on the merits of that claim. She cites Rule 41(b), Ala. R. Civ. P., which provides, in pertinent part:
"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, [Ala. R. Civ. P.,] operates as an adjudication upon the merits."
As indicated, the trial court entered the March 5, 2014, judgment dismissing the .02 modification action after it determined that the husband had failed to comply with discovery requests and court orders. The parties do not dispute that the March 5, 2014, judgment in the .02 modification action constituted a dismissal pursuant to Rule 41(b).[3] Thus, that March 5, 2014, judgment constituted "an adjudication upon the merits" of the husband's claims in the .02 modification action. Rule 41(b) ; see also Clothier v. Counseling, Inc., 875 So.2d 1198, 1200 (Ala. Civ. App. 2003) ("The trial court's dismissal of Clothier's first complaint was a final judgment that operated as an adjudication on the merits."); Washington Mut. Bank, F.A. v. Campbell, 24 So.3d 435, 441 (Ala. 2009) ("The very purpose of Rule 41(b) is to remove doubt about a court's intention when it dismisses an action.").
The husband contends that an award of periodic alimony may be modified upon a material change of circumstances that has occurred since "the last award" of periodic alimony, rather than since the most recent judgment on a claim pertaining to periodic alimony. In other words, the husband contends that the relevant period for which he needed to establish a material change in circumstances, warranting a modification of his periodic-alimony obligation, dates back to April 1, 2004, the date of the original divorce judgment that awarded alimony, and not to March 5, 2014, the date of the judgment that dismissed his claim seeking to modify his periodic-alimony obligation in the .02 modification action.
In Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala. Civ. App. 1995), this court stated that "[t]he trial court may modify an award of periodic alimony if the petitioner proves that a material change of circumstances has occurred since the last award was made." Multiple cases have either cited, or more frequently quoted, Kiefer for that same proposition. See, e.g., Miller v. Miller, 47 So.3d 262, 263 (Ala. Civ. App. 2009) ;
*1196 Stanford v. Stanford, 34 So.3d 677, 681 (Ala. Civ. App. 2009) ; Beatty v. Beatty, 991 So.2d 761, 767 (Ala. Civ. App. 2008) ; Schiesz v. Schiesz, 941 So.2d 279, 289 (Ala. Civ. App. 2006) ; Sexton v. Sexton, 935 So.2d 454, 461 (Ala. Civ. App. 2006) ; and R.J.W. v. C.L.W., 872 So.2d 876, 877 (Ala. Civ. App. 2003). We note that in all of those cases, the most recent judgments had awarded periodic alimony; in other words, there were no intervening judgments denying a requested modification of the periodic-alimony obligation.
The husband concedes that Alabama caselaw exists limiting the consideration of changed circumstances for the purposes of a modification of periodic alimony to the period since the most recent judgment entered in an action involving a claim seeking the modification of that periodic-alimony obligation. Our courts have held that "'[t]he burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order.'" Aramini v. Aramini, 220 So.3d 322, 329 (Ala. Civ. App. 2016) (quoting Taylor v. Taylor, 640 So.2d 971, 973 (Ala. Civ. App. 1994), which in turn cited Glenn v. Glenn, 626 So.2d 638 (Ala. Civ. App. 1993) ). But see Blood v. Blood, 223 So.3d 231, 238 (Ala. Civ. App. 2016) (quoting Kiefer in addressing an argument that the trial court erred in denying the former husband's request to modify his periodic-alimony obligation imposed by the most recent judgment). Other Alabama caselaw provides that, in determining whether to modify a periodic-alimony obligation, the court is to consider whether there has been a material change in circumstances since the last order or judgment entered. See Newsome v. Newsome, 984 So.2d 463, 465-66 (Ala. Civ. App. 2007) ("At trial, the party seeking to modify a trial court's judgment regarding alimony must make a showing that, since the trial court's previous judgment, there has been a 'material change in the circumstances of the parties.' " (quoting Posey v. Posey, 634 So.2d 571, 572 (Ala. Civ. App. 1994) )); Taylor v. Taylor, 640 So.2d at 973 ("The burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order."); Glover v. Glover, 730 So.2d 218, 220 (Ala. Civ. App. 1998) (citing Taylor v. Taylor, supra) ; Santiago v. Santiago, 122 So.3d 1270, 1278 (Ala. Civ. App. 2013) (quoting Glover v. Glover, supra ); Henning v. Henning, 26 So.3d 450, 455-56 (Ala. Civ. App. 2009) (quoting Taylor v. Taylor, supra) ; Simmons v. Simmons, 600 So.2d 305, 305 (Ala. Civ. App. 1992) ("A child support award may be modified only on proof of a material change of circumstances since the last decree."); and Roan v. Roan, 504 So.2d 1220, 1220 (Ala. Civ. App. 1987).
Thus, the resolution of the legal issue raised by the husband on appeal turns on whether a claim seeking a modification of periodic alimony may be based on evidence dating back to the date of the last "award," i.e., a judgment that awarded periodic alimony or modified a periodic-alimony award, or to the date of the most recent judgment on a claim seeking a modification of periodic alimony, even if the claim was denied. It is not clear to this court whether there is a split in authority, as the different caselaw would tend to suggest, or whether inexact language has been employed in some cases. As already stated, in many of the cases relied upon by the husband, the most recent "award" was also *1197 the most recent judgment.[4] In some other cases, the court does not appear to have considered the period referenced in the opinion. See, e.g., Webb v. Webb, 780 So.2d 698 (Ala. Civ. App. 2000) (although stating that a court determining whether to modify alimony may consider circumstances since the entry of the most recent judgment, the trial court and this court considered evidence back to the date of the original alimony award); and Patterson v. Patterson, 796 So.2d 359 (Ala. Civ. App. 2000) (discussed in note 5, infra).
The phrase "since the most recent judgment" is not precise, either, as is demonstrated in McInnish v. McInnish, 441 So.2d 960 (Ala. Civ. App. 1983). In that case, the parties' 1978 divorce judgment awarded the wife custody of the parties' three children, periodic alimony, and child support. A 1982 modification judgment, based on the parties' agreement, modified custody of one child and adjusted child support accordingly. The husband then sought to modify his periodic-alimony obligation and child support, and in a 1983 judgment the trial court denied those claims. This court held that, as to the modification of child support, the trial court had properly considered evidence of changed circumstances occurring after the entry of the 1982 modification judgment but that, as to the modification of alimony, the trial court had properly considered evidence of changed circumstances occurring after the entry of the 1978 divorce judgment. McInnish v. McInnish, 441 So.2d at 962. In reaching its holding with regard to the issue of modifying periodic alimony, the court stated that the 1978 divorce judgment was the last judgment that had "awarded" alimony. Id. In doing so, the court in McInnish v. McInnish, supra, cited Rowe v. Boley, 392 So.2d 838 (Ala. Civ. App. 1980), a case involving the modification of child support; the husband advances the theory upon which Rowe v. Boley was decided in support of his arguments.
In Rowe v. Boley, supra, the parties divorced in 1970, and, in 1978, the trial court denied the mother's modification claim seeking an increase in child support. The mother filed another claim seeking to modify child support in April 1979, and, in November 1979, the trial court denied that modification claim after limiting its consideration of the evidence to the period since the entry of the last judgment considering child support, i.e., the 1978 judgment that had denied the mother's first child-support-modification claim. 392 So.2d at 839. This court reversed, concluding that the child-support-modification claim should be decided based on a consideration of the facts since the most recent award of child support. Rowe v. Boley, 392 So.2d at 840. On certiorari review, our supreme court agreed with this court's holding, explaining:
"Alabama courts have traditionally viewed with disfavor repetitive, harassing litigation over child support and custody. Greene v. Greene, 249 Ala. 155, 30 So.2d 444 (1947) ; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580 (1927). A former decree is conclusive of the interests of the child and the rights of the parents, so long as the status at the time of the decree remains without material change. Messick v. Messick, 261 Ala. 142, 73 So.2d 547 (1954).
"However, the standard for setting child support is the needs of the child as compared with the ability of the parent to respond to that need.
*1198 Thompson v. Thompson, 337 So.2d 1 (Ala. Civ. App. 1976) ; Donahey v. Donahey, 52 Ala.App. 596, 296 So.2d 188 (1974). Unfortunately, these two factors rarely coincide. Therefore,
"'[i]f the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court.'
" Pruett v. Pruett, 333 So.2d 580, 582 (Ala. Civ. App. 1976).
"In the case before us, the problem described above is not a factor. The father is able to pay the extra child support needed by his children. Instead, the father seeks to avoid paying additional child support by resorting to a rather strict interpretation of our previous decisions. In cases involving child support, the Court is not bound by any strict rules of pleading or procedure, Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212 (1948), and the paramount consideration is the welfare of the children. Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526 (1945). While the party seeking to modify child support payments must show that there has been a material change in circumstances since the last decree awarding child support, Frazier v. Frazier, 342 So.2d 1320 (Ala. Civ. App. 1977) ; Lee v. Lee, 337 So.2d 372 (Ala. Civ. App. 1976) ; Womble v.Womble, 56 Ala.App. 318, 321 So.2d 660 (1975), a petition to modify untimely filed in the interim should not, as a matter of law, foreclose a trial judge from considering all factors and changes occurring since the amount of child support was last fixed. To hold otherwise would deprive the children of divorced fathers, in some instances, of additional child support that the father is able to pay and of which the children have need. We therefore affirm the judgment of the Court of Civil Appeals."
Ex parte Boley, 392 So.2d 840, 841-42 (Ala. 1981) (emphasis added).
We note that Rowe v. Boley, supra, and Ex parte Boley, supra, were decided before the October 1, 1987, effective date of the Rule 32, Ala. R. Jud. Admin., child-support guidelines, the application of which is mandatory. Nelson v. Landis, 709 So.2d 1299, 1300 (Ala. Civ. App. 1998) ("[T]he application of the Rule 32 child support guidelines is mandatory."). The Rule 32 child-support guidelines set forth specific circumstances under which modifications of child support are appropriate, and the rule refers to a material change in circumstances since "the last order of child support." See Rule 32(A)(3)(b), Ala. R. Jud. Admin.[5]
*1199 The husband in this case contends that the same policy principles upon which this court in Rowe v. Boley, supra, and our supreme court in Ex parte Boley, supra, based their decisions pertaining to the modification of child support should also apply to actions involving the modification of alimony. However, the husband has not directed this court to supporting authority for the theory that principles equating to the best interests of children, or their right to parental support, which were at issue in Ex parte Boley, supra, also apply in the context of paying periodic alimony to a former spouse. Periodic alimony is considered in conjunction with the overall property division in a divorce action, and its purpose is to preserve the standard of living of the spouse receiving support, to the extent possible, at a level similar to that enjoyed by the parties during their marriage. Pate v. Pate, 849 So.2d 972, 976 (Ala. Civ. App. 2002) ("The issues of property division and alimony are interrelated, and they must be considered together."); and Rieger v. Rieger, 147 So.3d 421 (Ala. Civ. App. 2013) (discussing initial awards of periodic alimony and their interrelation with a the division of marital property). "Factors the trial court should consider in determining whether to modify an alimony award include, among other things, the earning capacity of each spouse, the payee spouse's need for alimony, the payor spouse's ability to pay alimony, and each spouse's estate." Santiago v. Santiago, 122 So.3d 1270, 1278-79 (Ala. Civ. App. 2013). However, even if a party shows a material change of circumstances with regard to a periodic-alimony obligation, a trial court is not required to modify that alimony obligation. Id. Thus, the considerations underlying the provision of support for a former spouse and the provision of support for a child are not equivalent.
We conclude that the policy issues upon which Ex parte Boley, supra, was decided are issues pertaining exclusively to children (for example, in determining child support, the best interests of the child are of paramount concern) and that that case clearly considered a father's obligation to provide for and support his children. Those considerations are not at play in the context of an award of periodic alimony to a former spouse. Accordingly, the theory upon which Ex parte Boley, supra, was decided in connection with a modification of child support is not necessarily applicable to the consideration of a modification of a periodic-alimony obligation. Thus, we reject the husband's argument that this court should apply the reasoning in Ex parte Boley, supra, to hold that a modification of a periodic-alimony obligation may be made only in reference to the last judgment in which periodic alimony was awarded.
Rather, we conclude that the better-reasoned approach is the one described in Taylor v. Taylor, 640 So.2d at 973, and similar cases, which specify that, in an action involving the modification of a periodic-alimony obligation, "[t]he burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order" that addresses the issue of periodic alimony or a claim seeking a modification of a periodic-alimony obligation.
In this case, the husband asserted a claim seeking a modification of his alimony obligation in the .02 modification action.
*1200 The March 5, 2014, judgment in the .02 modification action dismissed the husband's alimony-modification claim, and, as already explained, supra, that judgment constituted an adjudication on the merits under Rule 41(b), Ala. R. Civ. P. Therefore, the March 5, 2014, judgment in the .02 modification action was the last or most recent judgment on the issue of periodic alimony. Accordingly, we conclude that the trial court properly limited the husband's presentation of the evidence to the period after the entry of the March 5, 2014, judgment.
"The burden is on the party seeking a modification of the periodic alimony award to show the trial court that a material change in the parties' circumstances has occurred since the trial court's last judgment or order. Glenn v. Glenn, 626 So.2d 638 (Ala. Civ. App. 1993). In determining whether there has been a material change in circumstances, the trial court must consider the financial needs of the payee spouse and the financial ability of the payor spouse to respond to those needs. McCalla [v. McCalla, 497 So.2d 509 (Ala. Civ. App. 1986) ]. It is the payor spouse's ability to earn and pay the support rather than his actual income that is determinative. Wall v. Wall, 611 So.2d 1107 (Ala. Civ. App. 1992)."
Taylor v. Taylor, 640 So.2d at 973.
The husband also argues on appeal that the evidence did not support the trial court's November 4, 2015, judgment. However, in its November 4, 2015, judgment denying the husband's petition to modify his periodic-alimony obligation, the trial court made no findings of fact. Our supreme court has held that, "in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review." New Props., L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala. 2004). Accordingly, because the trial court made no findings of fact and the husband did not file a postjudgment motion challenging the sufficiency of the evidence, the husband's arguments on appeal challenging the sufficiency of the evidence supporting the trial court's judgment are not preserved for appellate review, and we cannot reach those arguments. Cooper v. Cooper, 160 So.3d 1232, 1240 (Ala. Civ. App. 2014) ; L.M. v. Jefferson Cty. Dep't of Human Res., 68 So.3d 859, 860-61 (Ala. Civ. App. 2011).
The wife's motion for an attorney fee on appeal is granted in the amount of $4,000.
The husband's motion to strike portions of the wife's appellate brief is denied as moot.
AFFIRMED.
Pittman and Donaldson, JJ., concur.
Moore, J., concurs in the rationale in part and concurs in the result, with writing, which Thomas, J., joins.
MOORE, Judge, concurring in the rationale in part and concurring in the result.
On August 20, 2013, Randolph G. Wilson, Jr. ("the former husband"), filed a complaint seeking a modification of his periodic-alimony obligation ("the first modification action"). In his complaint, the former husband alleged that his periodic-alimony obligation should be modified because of his pending retirement from the military and the current employment of Teresa L. Wilson ("the former wife"). The Montgomery Circuit Court ("the trial court") dismissed the first modification action pursuant to Rule 41(b), Ala. R. Civ. P., thereby adjudicating the first modification *1201 action adversely to the former husband. Therefore, the doctrine of res judicata prevented the former husband from relitigating the issue whether his military retirement and the former wife's employment constituted material changes of circumstances warranting modification of his periodic-alimony obligation. See Ex parte McCracken, 576 So.2d 664 (Ala. 1991).
On March 6, 2015, the former husband filed another modification action ("the second modification action"), again alleging that his periodic-alimony obligation should be reduced because of his retirement from the military and the current employment of the former wife. The former wife filed an answer, asserting the doctrine of res judicata as an affirmative defense. The main opinion asserts that the former wife did not follow through with her res judicata defense, but, at the outset of the trial on the second modification action, the former wife argued that the former husband was prevented by the doctrine of res judicata from raising any claim that had already been adjudicated in the first modification action and that he should be allowed to present only a claim for a modification based on a material change of circumstances occurring after the adjudication of the first modification action. The trial court ruled in favor of the former wife and limited the evidence accordingly.
In Kennedy v. Kennedy, 656 So.2d 1213 (Ala. Civ. App. 1995), this court held:
"Our supreme court has applied the doctrine of res judicata to prohibit a subsequent petition to modify periodic alimony on the same ground raised in a previous petition. See, Ex parte McCracken, 576 So.2d 664 (Ala. 1991). The four elements of res judicata are (1) identical parties, (2) identical causes of action, (3) proper jurisdiction, and (4) a judgment on the merits. Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala. 1989). If the four elements are satisfied, then an issue decided in a prior proceeding cannot be the subject of subsequent litigation. Wood v. Tricon Metals & Services, Inc., 548 So.2d 138, 140 (Ala. 1989).
"In 1990 and 1993, the husband filed petitions to modify the periodic alimony award; he filed those petitions in the court that had rendered the 1989 divorce judgment. He alleged in each petition that the wife's employment as a clerk typist was a material change in circumstances. The trial court, after hearing ore tenus testimony, denied the 1990 petition. Therefore, res judicata bars further litigation on the issue of whether the wife's employment is a material change in circumstances justifying the termination of her periodic alimony."
656 So.2d at 1214-15. Based on Kennedy, the trial court correctly ruled that the former husband could not relitigate the claim adjudicated in the first modification action and that he could rely only on evidence of a material change of circumstances occurring since the entry of the final judgment in the first modification action.
Based on the similarities between this case and Kennedy, I believe this court should dispose of the former husband's argument that he should have been allowed to present evidence dating back to the original periodic-alimony award using the same legal principles set out in Kennedy. Thus, I believe it is sufficient to hold that the former husband was barred by the doctrine of res judicata from presenting any claim that had already been adjudicated in the first modification action. Accordingly, I do not join in any aspect of the main opinion that applies any other reasoning to reach the same conclusion.
*1202 I concur with the main opinion in all other respects.
Thomas, J., concurs.

In his motion to strike filed in this court, the husband erroneously argues that his complaint in the .02 modification action is not contained in the record on appeal. That pleading is contained in one of several supplemental records filed in this court in this matter.

This court is not certain if a judgment was entered since the remand following Wilson v. Wilson, supra, and, if so, the date of that judgment. Accordingly, for the purposes of this appeal, we refer to the initial judgment establishing the periodic-alimony obligation as "the April 1, 2004, divorce judgment."

The husband concedes in his brief submitted to this court that the March 5, 2014, judgment of dismissal was entered pursuant to Rule 41(b).

See, e.g., Kiefer v. Kiefer, supra ; Miller v. Miller, supra ; Stanford v. Stanford, supra ; Beatty v. Beatty, supra ; Schiesz v. Schiesz, supra ; Sexton v. Sexton, supra ; and R.J.W. v. C.L.W., supra.

Since the enactment of the Rule 32 child-support guidelines, Ex parte Boley, supra, has been cited in only one opinion, Patterson v. Patterson, 796 So.2d 359 (Ala. Civ. App. 2000), that involved a modification of child support, and that opinion did not reference the Rule 32 guidelines. In that case, in a 1996 action seeking to modify the parties' 1995 divorce judgment, the trial court had denied the husband's claim seeking, among other things, a reduction in his periodic-alimony and child-support obligations. 796 So.2d at 360. In its 1999 judgment in a later modification action, the trial court, among other things, denied the husband's claim seeking a reduction in his periodic-alimony obligation but reducing his child-support obligation. In analyzing the child-support issue in the appeal of the 1999 judgment, the court in Patterson cited Ex parte Boley, supra, for the proposition that the issue of the modification of child support should relate back to the 1995 divorce judgment, and the court determined that there had been no material change of circumstances warranting a modification of child support. 796 So.2d at 362-63. With regard to the issue of the modification of periodic alimony, the court in Patterson cited Taylor v. Taylor, supra, which referenced a change in circumstances since the trial court's last order or judgment. 796 So.2d at 361-62. The opinion in Patterson sets forth no specific analysis on that issue, but it appears to refer back to the circumstances as they existed at the time of the parties' divorce in 1995. 796 So.2d at 363.